STATE, *ex rel.* THE SHIP CANAL AUTHORITY OF THE STATE OF FLORIDA, v. T. D. LANCASTER, as Clerk of the Circuit Court, Marion County.

170 So. 126.
Opinion Filed October 16, 1936.

*Herman Ulmer* and *Stockton, Ulmer & Murchison,* for Relator;

*Wallace E. Sturgis,* for Respondent;

*C. A. Savage* and *H. M. Hampton,* as *Amici Curiae.*

DAVIS, J.—Relator, a public agency created by Chapter 16176, Acts 1933, has instituted this proceeding to compel obedience on the part of respondent Clerk of the Circuit Court to the terms and requirements of Chapter 17022, Acts 1935, which Act respondent has set up in his reply to the

proceeding, is unconstitutional and should not be complied with.

In this case a peremptory writ of mandamus should be awarded, however, on the authority of Curtiss Properties, Inc., v. Leatherman, Clerk Circuit Court, 125 Fla. 72, 169 Sou. Rep. 612, it appearing that the effect of Chapter 17022, Acts of 1935, is to impose upon the Clerk of the Circuit Court the mandatory statutory duty to perform the acts required of him in the alternative writ awarded pursuant to the statute.

If rights of taxpayers and others interested in the tax certificates covered by Chapter 17022, *supra,* are deemed to be unlawfully prejudiced by such Act, such rights should be asserted in appropriate proceedings brought and maintained on the part of the particular persons who conceive themselves unlawfully injured by the carrying out of the statutory scheme set up in the Act.

But absent some complaint in due form of judicial procedure instituted to forestall the official carrying out of said Chapter 17022, Acts of 1935, *supra,* the Clerk of the Circuit Court, when sued only in his official capacity as such Clerk, to coerce him to carry out the official duties imposed upon him by said chapter, is without such interest in the subject matter involved as will enable him to set up the alleged unconstitutionality of the statute as a ground for refusing to carry out the ministerial duties imposed upon him thereby. State, *ex rel.* Howarth, v. Jordan, 105 Fla. 322, 140 Sou. Rep. 908; State, *ex rel.* Atlantic Coast Line R. Co., v. State Board of Equalizers, 84 Fla. 592, 94 Sou. Rep. 681, 30 A. L. R. 362; State, *ex rel.* Crim, v. Juvenal, 118 Fla. 485, 487, 159 Sou. Rep. 663, 665.   Compare: State, *ex rel.* Juvenal, v. Neville, 123 Fla. 745, 167 Sou. Rep. 650.

Peremptory writ awarded.

466

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.