STATE, ex rel. STEPHENS TIMBER COMPANY, a foreign corporation authorized to do business under and by virtue of the Florida laws, v. PAUL V. LANG, as Clerk of the Circuit Court of Leon County.

179 So. 401.

En Banc.

Opinion Filed February 25, 1938.

*Julius F. Parker* and *B. K. Roberts,* for Relator;

*William Blount Myers,* for Respondent.

TERRELL, J.—Pursuant to Chapter 18296, Acts of 1937, the Respondent advertised and accepted bids from Relator for certain tax certificates describing lands that had more than two years before been sold to the State for the non payment of State and County taxes. He refused after sale to cancel and deliver said certificates to Relator on the ground that the value of the lands described in them was far in excess of the face of the certificates including the taxes for ·the succeeding year and because there was reasonable prospect of collecting the full amount of past due taxes on the lands described by other means, that Chapter 18296, Acts of 1937, had no application to such certificates under such state of facts, and that if it did, it would be in violation of Sections 6 and 8, Article XII, of the Constitution of Florida.

Chapter 18296, Acts of 1937, does not presume to treat other than tax certificates covering lands in which the State holds a defeasible title. Being in this status, the State can dispose of them in any manner it sees fit on any terms it desires and the clerk of the Circuit Court being clothed with nothing more than ministerial duties under the Act has no right to challenge the manner of the disposition. As to the charge that the Act is uncontitutional, we fail to see that the provisions of the Constitution relied on have any application whatever to tax certificates in the status of those involved here. State, *ex rel.* The Ship Canal Authority of the State of Folrida, v. T. D. Lancaster, as Clerk of the Circuit Court of Marian County, 125 Fla. 464, 170 So. 126.

The last cited case and cases contained therein concludes every question raised in this case. The Clerk of the Court

is sued only in his official capacity and being so, is absent. such an interest as would authorize him to raise the question. There are no other taxpayers here asserting a right to prevent sale of the certificates or alleging damages if the sale is consummated.

In this holding, we are not unmindful of our decision in State, ex rel. C. J. Harrell, et al., v. Fred P. Cone, et al., filed October 6, 1937, wherein we held that the Comptroller was authorized to question the validity of an Act requiring him to disburse public funds if its validity was seriously questioned.

The Clerk of the Circuit Court under the Act in question is not required to pay out any funds; he is vested with nothing but ministerial duties and is sued in his official capacity. The situations are not analagous and the return of the Clerk is no defense.

Let the peremptory writ be issued.

It is so ordered.

ELLIS, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—I think we need go no further in this case than to cite as authority the case of State, ex rel. Ship Canal Authority, v. Lancaster, as Clerk, etc., 125 Fla. 464, 170 So. 126, cited in the foregoing opinion, wherein we held that the Clerk of the Circuit Court is without such interest in the subject matter involved as would enable him to set up the unconstitutionality of the statute as a ground for refusing to carry out the ministerial duties imposed upon him thereby.

WHITFIELD, J., concurs.