STATE OF FLORIDA, *ex rel.* RIVERS H. BUFORD, *Attorney General, Relator*, v. PRESTON SMITH, *Respondent*.

En Banc.

Opinion Filed July 25, 1924.

1. If the provision of Chapter 8541, Acts of 1921, that the Traffic Officer shall be appointed "upon the recommendation of the Boards of County Commissioners," be regarded as limiting the appointive power of the Governor in violation of Section 27, Article IV, such quoted provision may be considered as eliminated without impairing the remainder of the Section, particularly in view of Section 8 of the Act of 1921.

2. If Section 7, Chapter 8541 as originally enacted or as amended in Chapter 9314 relating to deputy traffic officers be invalid, that does not affect other provisions relating to the Traffic Officer that are valid, the official status of deputy traffic officers not being involved here, there being no showing that a deputy traffic officer had been appointed by the traffic officer. The salary of the Traffic Officer under Chapter 8541 as amended by Chapter 9314 may "be paid fom the general fund of" the county pursuant to Section 15, Article XII Constitution, and the fine and forfeiture fund is "a general county fund" designed for certain payments.

3. The title of Chapter 8541, Acts of 1921, does not violate Section 16, Article III of the State Constitution.

4. The provisions of Section 5, Chapter 8541, Acts of 1921, relative to the powers of Traffic Officers, particularly as to making arrests with or without warrant, when confined to matters that properly pertain to lawful enforcements of traffic laws and regulations are not violative of any indicated provision of organic law.

A case of original jurisdiction.

Demurrer sustained.

*James F. Glen,* for Relator;

*Mabry, Reaves & Carlton,* and *Thomas M. Shackleford, Jr.,* for Respondent.

PER CURIAM.—In quo warranto proceedings brought in this Court the Attorney General challenges the right of the respondent to exercise the functions of Traffic Officer of Hillsborough County, the legal question presented being the constitutional validity of Chapter 8541, Acts of 1921, as amended by Chapter 9314, Acts of 1923, which acts are as follows:

"CHAPTER 8541—(No. 146).

"An act providing for the creation of the office of Traffic Officer, and providing for the appointment, compensation, expenses, duties and powers of such Traffic Officer, and the term of office, in counties of more than eighty thousand and less than one hundred thousand population, according to the last preceding federal census.

"*Be it enacted by the Legislature of the State of Florida:*

"Section 1. That in all the counties of more than eighty thousand (80,000) and less than one hundred thousand population, according to the last preceding federal census, there shall be established the office of Traffic Officer, which said Traffic Officer shall be appointed by the Governor of the State of Florida upon the recommendation of the Board of County Commissioner of said counties.

"Sec. 2. The term of office of such Traffic Officer shall be one year, beginning with July 1st, of each year, provided that such officers may now be appointed to serve until January 1st, 1922.

"Sec. 3. The salary of such officer shall be Eighteen Hundred ($1,800.00) Dollars per year, payable in install-

ments of One Hundred Fifty ($150.00) Dollars each month; said salary to be paid out of the Fine and Forfeiture Fund at the rate herein fixed.

"Sec. 4. The County Commissioners of such Counties are authorized to furnish the necessary equipment for the use of the Traffic Officer and his deputies as may be required for the proper conduct of the office, and to pay the actual expenses of such Traffic Officer, and his deputies incurred in the discharge of the duties of the office, said expense not to exceed Fifty ($50) Dollars per month for each officer or deputy. The aforesaid moneys shall be paid out of the Fine and Forfeiture Fund, and the County Commissioners are directed to issue their warrants for the same.

"Sec. 5. The Traffic Officers and Deputies herein provided for shall patrol the roads of their respective counties, and enforce the traffic laws and regulations, and shall have the same powers of arrest and service of criminal, process as Sheriffs and Constables, and may arrest with or without warrant persons violating the laws of Florida.

"Sec. 6. Said Traffic Officers and Deputies shall be allowed for making arrest the same fees as Sheriffs, and the same mileage for conveying prisoners, the same to be taxed as costs in case of conviction. All such fees and fines imposed, upon conviction, shall be paid into the Fine and Forfeiture Fund of such counties.

"Sec. 7. The County Traffic Officer shall appoint, upon the recommendation and nomination of the County Commissioners of their respective counties, one or more, not to exceed three, Deputy Traffic Officers, who shall have the same powers and duties as the Traffic Officer and shall receive the same compensation. Said deputies shall hold office during the term of office of the Traffic Officer making the appointment unless removed for cause.

"Sec. 8. If for any reason any section or sections of this Act shall be declared unconstitutional it shall not invalidate any other section or sections.

"All laws or parts of laws in conflict with this Act be and the same are hereby repealed.

"This Act shall take effect immediately upon its passage or approval by the Governor.

Approved June 2, 1921."

## "CHAPTER 9314—(No. 196).

"An Act to amend Section 3 and Section 7 of Chapter 8441 of the Acts of the Legislature for the year 1921, relating to Traffic Officers and their compensation and term of office.

"*Be it enacted by the Legislature of the State of Florida:*

"Section 1. That Section 3 of Chapter 8541, Acts of the Legislature for the year 1921, be amended to read as follows:

"Sec. 3. The salary of such officer shall be twenty-four hundred ($2,400.00) dollars per annum, and shall be paid in equal monthly installments out of the Fines and Forfeiture Fund.'

"Sec. 2. That Section 7 shall be amended to read as follows:

" 'Sec. 7. The Board of County Commissioners may appoint, upon the recommendation of the county traffic officer, one or more deputies, who shall have the same powers and duties as the traffic officer, and shall receive compensation as shall be fixed by the Board of County Commissioners. Said deputies shall hold during the pleasure of the Board of County Commissioners.'

"Sec. 3. That in the event that either of the sections of Chapter 8541, Acts of the Legislature for the year 1921,

sought to be amended by the provisions of this act, shall be declared unconstitutional as amended, this Act shall in no way be construed to repeal the provisions of said section or sections of Chapter 8541, Acts of the Legislature for the year 1921.

"Sec. 4. This act shall take effect immediately upon its becoming a law.

"Became a law without the approval of the Governor."

The statutes are general laws in that they are applicable to all counties within a proper classification and are potentially applicable to every county of the state since all the counties may attain the requisite population. The classification cannot be said to be purely arbitrary, but it is a reasonable and practical classification within the legislative discretion. If the acts are local laws they do not violate sections 20 and 21 of Article III in view of Section 24 of Article III. See State ex rel. v. Daniel, 87 Fla., 270, 99 South. Rep. 804.

If the provision that the Traffic Officer shall be appointed "upon the recommendation of the Boards of County Commissioners," be regarded as limiting the appointive power of the Governor in violation of Section 27, Article IV, such quoted provision may be regarded as eliminated without impairing the remainder of the section, particularly in view of Section 8 of the Act of 1921. The provision here is essentially different from that in Westlake v. Merritt, 85 Fla., 28, 95 South. Rep. 662.

If Section 7 of the Act as originally enacted or as amended in Chapter 9314, be invalid, that does not affect other provisions relating to the Traffic Officer that are valid, the official status of deputy traffic officers not being involved here, there being no showing that a deputy traffic officer had been appointed by the traffic officer. The

salary of the Traffic Officer may "be paid from the general funds of" the County pursuant to Section 15, Article XII Constitution, and the fine and forfeiture fund is "a general county fund" designed for certain payments. Sec. 9, Article XVI Const. as amended in 1894. See Board of Com'rs. of Hillsborough County v. Savage, 63 Fla. 337, 58 South. Rep. 835.

The title of the act of 1921 does not violate Section XVI, Article III of the State Constitution.

The provisions of Section 5, Chapter 8541, Acts of 1921, relative to the powers of Traffic Officers, particularly as to making arrest with or without warrant, when confined to matters that properly pertain to lawful enforcements of traffic laws and regulations are not violative of any indicated provision of organic law.

The demurrer to the writ is sustained.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.