JOHN G. ANDERSON, JR., *Appellant*, vs. THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF HILLSBOROUGH, STATE OF FLORIDA, et al., *Appellees.*

136 So. 334.

En Banc.

Opinion filed Aug. 3, 1931.

696

*C. Edmund Worth,* of Tampa, Fla., for Appellant;

*W. F. Himes,* of Tampa, Fla., for Appellee.

DAVIS, J.—This was a taxpayer's suit brought by the appellant, John G. Anderson, Jr., as complainant in the court below, suing on behalf of himself and all other taxpayers of Special Tax School District No. 4 in Hillsborough County, Florida, to enjoin the Board of Public Instruction of said County from holding or canvassing the result of a proposed election required to be held with reference to Special Tax School Districts of the County by the provisions of an Act of the Second Extraordinary Session of the 1931 Legislature so providing, and to enjoin the paying out or expending any funds of said Special Tax School District of which the complainant was a taxpayer in or about the conduct and holding of said election and the publication of notice thereof. The court below denied the application for injunction, although the Chancellor in this order expressed the belief that the Act requiring the election to be held was probably unconstitutional. The appeal is from a final decree denying the injunction and dismissing the bill.

At the second Special Session of the Legislature of the State of Florida held in the year 1931 the Legislature passed and the Governor approved on July 24, 1931, the following Act:

"AN ACT PROVIDING FOR THE CALLING OF ELECTIONS IN THE SPECIAL TAX SCHOOL DISTRICTS IN ALL OF THE COUNTIES OF THE STATE HAVING A POPULATION OF NOT LESS THAN 145,000 AND NOT MORE THAN 155,000; PROVIDING FOR THE CALLING OF SAID ELECTION WITHIN THIRTY DAYS FROM THE TIME

THIS ACT BECOMES A LAW: PROVIDING FOR THE GIVING OF NOTICE OF SAID ELECTION: PROVIDING THAT THE QUESTION OF MILLAGE TO BE LEVIED FOR THE FISCAL YEAR JULY 1ST, 1931 TO JUNE 30TH, 1932, BE SUBMITTED TO THE ELECTORS, AND THE MILLAGE DETERMINED BY SUCH ELECTION SHALL CONTROL THE LEVY FOR SAID FISCAL YEAR, AND PROVIDING THAT ELECTIONS SO CALLED BE CONTROLLED IN OTHER RESPECTS BY EXISTING LAWS.

WHEREAS, many of the Special Tax School Districts in the counties of the State of Florida having a population of not less than 145,000 nor more than 155,000 have heretofore held elections and determined the Special Tax School District levy, and

WHEREAS, by virtue of appropriations made for the aid and benefit of the school funds of the various counties and Special Tax School Districts, it is desirable that the question be re-submitted to the taxpayers of the various Special Tax School Districts as to whether or not the millage heretofore determined upon should not be reduced, NOW THEREFORE,

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

SECTION 1. That the Board of Public Instruction in each and every county in the State of Florida having a population of not less than 145,000 or not more than 155,000, according to the last State or Federal census, shall within fifteen days after this Act becomes effective as a law call an election within each Special Tax School District within the county; said election to be held not later than thirty days from and after the taking effect of this Act as a law, and notice of said election shall be published once in a newspaper published within the county, said publication being at least ten days prior to the date of said election.

SECTION 2. That at said election there shall be submitted to the qualified electors entitled to vote at said election the question of the millage to be levied in said Special Tax School District for the fiscal year July 1st, 1931, to June 30th, 1932, and that the mill-

age determined and fixed by such election shall be the controlling millage to be levied for said year.

SECTION 3. That the electors qualified at the time of the taking effect of this Act shall be qualified electors in each of said Special Tax School Districts who shall be entitled to vote and said election shall be held in substantial compliance with all other laws pertaining to the holding of elections in Special Tax School Districts.

SECTION 4. That all laws or parts of laws in conflict with the provisions of this Act are hereby repealed.

SECTION 5. This Act shall take effect immediately upon becoming a law.''

It is only necessary to consider one ground of objection urged by the appellant in support of his appeal for reversal of the decree below in order to arrive at the conclusion that the Act under consideration is in legal effect and operation a special or local law applying to Hillsborough County which was not constitutionally enacted by the Legislature under the provisions of Section 21 of Article III of the Constitution of the State of Florida.

Section 21 of Article III just referred to prohibits the passage of any such special or local laws unless notice of intention to apply therefor has been published in the manner provided by law at least thirty days prior to the introduction in the Legislature of such Act. Evidence that such notice was duly published is also required to be established in the Legislature before such law is passed and such evidence that notice was so published must be attached to the proposed law when the bill evidencing the same is introduced. This required evidence must also be entered in full upon the Journal of the particular House of the Legislature in which the Bill is originally introduced and it must be recorded in the Journal immediately following the Journal entry showing the title and introduction of the Bill.

While the Bill under consideration is framed in the

guise of a general law applying to all counties of the State having a population of not less than 145,000 and not more than 155,000 according to the last State or Federal census, it is evident from the provisions of the Act itself and from the manner in which the same was introduced and passed in the Legislature that it was there dealt with and considered by the Legislature as a special and local law applying only to Hillsborough County, which this Court judicially knows, as did the Legislature, is the only county having a population falling within the population limitation laid down to define the territorial scope of its operation.

This Court will take judicial notice of the contents of the Journal of the House of Representatives and of the Senate to determine whether necessary proof of publication was attached to a special or local law when it was introduced, as required by Section 21 of Article III of the Constitution as amended at the general election of 1928. Douglas v. Webber, 128 So. 613, 99 Fla. 755. In this case the Journal fails to show any such proof of publication.

It appears from the Journal that the Act under consideration was introduced in the Legislature as House Bill No. 200XX and passed through the House of Representatives under waiver of the rules on July 15, 1931, and by the Senate under waiver of the rules on July 16, 1931. The Journal of the House of Representatives shows that the House in allowing the Bill to be introduced by the required two-thirds vote characterized the Bill, and permitted its introduction as, a "local bill". The fact that the Legislature itself in considering the bill dealt with it throughout as a "local bill" is significant in a case like this though not controlling or finally determinative of its true character.

But even though a Bill is introduced and treated by the Legislature as a general law, if the Bill in truth and in fact is clearly operative as a local or Special Act and the

Court can so determine from its obvious purpose or legal effect as gathered from its language or its context, this Court will so regard it and deal with it as a local or special Act in passing on its validity, regardless of the guise in which it may have been framed and regardless of whether the particular county or locality intended to be affected by it is in terms named or identified in the Act or not. See Jordan v. State ex rel. Davis, 129 So. 747, 100 Fla. 494; Stripling v. Thomas, 132 So. 824, 101 Fla. 1015; Whitney vs. Hillsborough County, 127 So. 486, 99 Fla. 628.

. In this case the bill of complaint alleges, the answer admits and this Court judicially knows that Hillsborough County is the only county which, according to the last State or Federal census, had a population of not less than 145,000 and not more than 155,000. This Court also takes notice of the fact that Duval County with a population of 155,503 and Dade County with a population of 142,955, although apparently in the same general condition and class as Hillsborough County with reference to its Special Tax School Districts, are excluded from the operation of the instant act by the particular limitation as to population therein contained. It further appears that the Act now applies to Hillsborough County alone and that it can never apply to any other county because it relates to the holding of one election which is required to be held not later than thirty days after the approval of the Bill by the Governor, after which the entire function, scope and purpose of the Act will have been served. The Bill furthermore attempts to abrogate the effect of Special Tax School District elections which had already been held in the county prior to the passage of the Act and to prescribe and limit the qualification of electors who may be permitted to vote in the new election which the Act attempts to authorize and require. House Bill No. 200XX is therefore neither actually nor potentially applicable to any county in the

State of Florida other than Hillsborough County, and can never become so according to the plain meaning of its provisions. Hillsborough County is therefore as definitely identified in the Act by the population basis therein stated, as if it had been specifically named therein. The constitutionality of the enactment of the Act must therefore be tested by the same rules as to publication of notice under Section 21 of Article III as would apply if the Act had purposely and designedly named the County of Hillsborough.

Undoubtedly, within reasonable limits, the Legislature may classify counties for governmental purposes according to population for the purpose of enactment of general laws and where a proper and reasonable classification is made according to population or otherwise such Act will nevertheless be regarded as a general law and not as a special or local law, even though the result is an Act whose operation is confined to a single county falling between two specified populations. But in every such case the classification adopted must be reasonable and not arbitrary. State v. Daniel, 87 Fla. 270, 99 So. 804; Smith v. State, 88 Fla. 151, 101 So. 350. The provisions of the Constitution requiring publication of notice of intention to have local or special laws introduced and passed are not to be disregarded or frittered away by upholding Acts which on their face are considered and dealt with and passed by the Legislature as special or local laws although disguised as general Acts and attempted to be justified upon a classification which is obviously unreasonable, unjustified and arbitrary.

Classification in law, as in other departments of knowledge or practice, is the grouping of things in speculation or practice because they agree with one another or in certain particulars, and differ from other things in those same particulars. Billings v. Illinois, 188 U. S. 97, 23 Sup. Ct. Rep. 272, 47 L. Ed. 400. The State Legisla-

ture necessarily has a wide discretion about resorting to classification when establishing regulations for the welfare of those for whom it legislates or in prescribing functions of its political subdivisions for the effective operation of the government and the deference due to the judgment of the Legislature in a matter of statutory classification will be observed when this court cannot say on its judicial knowledge that the Legislature could not have had any reasonable ground for believing that there were such public considerations as to justify the particular classification and distinction made. Dominion Hotel vs. Arizona, 249 U. S. 265, 39 Sup. Ct. Rep. 273, 63 L. Ed. 597.

But when a classification is made, the question always is whether there is any reasonable ground for it, or whether it is only and simply arbitrary based upon no real distinction and entirely unnatural. Classifications must always rest upon some difference which bears a reasonable and just relation to the Act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis. Connolly vs. Union Sewer Pipe Co., 184 U. S. 540, 22 Sup. Ct. Rep. 431, 46 L. Ed. 679; Goldstein v. Maloney, 62 Fla. 198, 57 So. 342; State v. A. C. L. R. R. Co., 60 Fla. 465, 54 So. 394.

In this case the Act in question is on its face a law enacted pursuant to a classification of counties for governmental purposes based upon a population of not less than 145,000 and not more than 155,000 according to the last State or Federal census. That such a classification of counties for governmental purposes based upon population is permissible in enacting general laws in proper cases is a doctrine well established in the jurisprudence of this State. See State ex rel. Buford v. Daniel, *supra.*

But a classification of this kind cannot be unreal or arbitrary. A classification of counties according to population must be reasonable and practical to be within the legislative discretion, even though the law is general in

nature and may be potentially applicable to every county of the State as in cases where all the counties may ultimately attain the requisite population. State ex rel. Buford vs. Smith, supra. Whether or not such a classification when adopted is purely arbitrary or is a reasonable and practical classification within the legislative discretion is, in controverted cases, a subject for judicial review and determination. When one assails in a justiciable controversy the classification in any statute he must carry the burden of showing the classification therein provided for does not rest upon any reasonable basis but is essentially arbitrary.

This court is committed to the doctrine that it will unhesitatingly declare an Act special and local in character and purpose to be unconstitutional where it rests upon a classification according to population adopted in an attempt to make it appear as a general law but which is plainly arbitrary, and where it appears that the requisite proof of publication of notice of intention to pass such law was not given, or if given, the law as passed was of that character which could not be constitutionally made the subject of a special or local enactment. Jordan v. State ex rel. Davis, *supra;* Stripling v. Thomas, *supra.*

In determining the questions which arise in cases of this kind, the controlling rule of decision is stated by Mr. (Chief) Justice Buford in the case of Hiers v. Mitchell, 95 Fla. 345, 116 So. 81, where it was said: ''When a classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed.''

Applying the foregoing test to the Act under consideration, it does not appear that there is any conceivable state of facts which could reasonably justify and sustain House Bill No. 200XX as a general law intended to be of uniform operation throughout the State, even in counties

of the population to which it ostensibly applies. Such a bill is not potentially applicable to any other county than Hillsborough. In effect it indirectly designated that county, and that county alone, as specifically as though Hillsborough County had been directly named in the bill. Therefore House Bill No. 200XX is a local law, and having been admittedly passed without compliance with the constitutional provisions for notice, such Act must fall as violative of Section 21 of Article III of the Constitution of the State of Florida.

Our Constitution, with certain exceptions not necessary to be enumerated here, requires the publication of notice of intention to apply for the passage of local legislation in all cases where local legislation is permissible to be enacted, at all. This requirement of notice is as applicable to bills general in form when passed upon the basis of classification according to population but which are special or local in character and effect, as if a specific county or counties were named in such legislation. This is true whether the legislation proposed affects one county or more than one, where the statute does not affect all.

Only in cases where laws are general and of uniform operation throughout the State within the purview of the holdings hereinbefore referred to, or where such laws fall within those recognized exceptions where Section 21 of Article III is not applicable, can the notice required by Section 21 of Article III be dispensed with.

While, as we have pointed out, a law may be constitutionally considered as general and of uniform operation throughout the State when predicated upon a classification of counties for governmental purpose based upon population, notwithstanding the result immediately following it may be that the particular statute at the beginning of its operation only applies to one county having a population within the limits specified, it is nevertheless true that any such classification based on popula-

tion and the like must be bottomed upon considerations which demonstrate that the counties so classified and grouped together in the one Act coincide with one another in some certain particular and differ from other counties in that same particular so as to warrant the Legislature in specially dealing with the classified county or counties with respect to the subject of the Act as applied to the counties so classified.

A bill is still to be considered a local or special Act for which notice of intention to apply for its passage must be published as required by the Constitution, in every case where it appears that such Act applies only to a county or counties of a particular classification according to population, and it appears that no state of facts can reasonably be conceived that would sustain a determination by the Legislature that the law is general and of uniform operation throughout the State in the particular counties affected because the counties embraced within the classification agree with one another in certain particulars and differ from other counties in those same particulars so as to warrant the grouping of such counties as a class, and their segregation for legislative purposes from the other counties of the State, with respect to the object intended to be accomplished by the enactment.

For the reasons hereinbefore pointed out, we hold that House Bill No. 200XX is in contemplation of the Constitution a special or local Act. Being such, publication of notice to apply for the passage of same should have been given. The Journals of the Legislature fail to disclose any record of the giving of such notice as required by the Constitution, hence the Bill was never constitutionally enacted into a statute and the purported law is therefore void and of no effect. Williams v. Dormany, 126 So. 117, 99 Fla. 496.

The decree of the court below is reversed and a decree

entered here in accordance with Section 4637 (2918) C. G. L. granting the relief prayed for in the bill.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND BROWN, J.J., concur in the opinion and judgment.