STATE, *ex rel.* J. H. JUVENAL, v. F. L. NEVILLE, as Chairman, *et al.*

167 Sou. 650.
Division B.
Opinion Filed April 21, 1936.

*Chas. H. Crim,* for Relator;

*Rogers, Morris & Griffis,* for Respondents.

BUFORD, J.—This case is before us on response or return to alternative writ of mandamus and motion to issue peremptory writ of mandamus, notwithstanding the return.

The relator, as shown by the record, was a member of the Board of County Commissioners of Broward County, Florida, during the year of 1934 and for the months from January to December, inclusive, he was paid salary at the rate of One Hundred Twenty-five ($125.00) Dollars per month under provisions of Chapter 15972, Acts of 1933. He now claims and here seeks to enforce the payment to him of an additional $25.00 for each month served during the year 1934, under provision of Chapter 11920, Acts of 1927. The claim is based upon the theory that Chapter 15972, *supra,* is unconstitutional and void because there is no reasonable basis for the classification of counties for the purposes of that Act. The Act by its terms is made to apply to all counties having a population of not less than 19,000 nor more than 22,000, according to the last Federal census.

We hold that the Act referred to is invalid for the reasons stated.

We also hold that Chapter 11920, Acts of 1927, is equally invalid as a general law because of like infirmities and that the constitutional provisions were not complied with so as to make it a valid local law, under authority of Anderson v. Board of Public Instruction of County of Hillsborough, 102 Fla. 695, 136 Sou. 334, and cases there cited.

The 1927 Act, being local in its application, violates Section 20, Article III of the Constitution.

It is contended that the Respondents could not question the validity of the 1927 Act and that as officers they are bound to comply with it until it has been held invalid by a court of competent jurisdiction. This contention is based upon the opinion and judgment in the cases of State, ex rel. A. C. L. R. R. Co. v. State Board of Equalizers, 84 Fla. 592, 94 Sou. 681; and State, *ex rel.* Howarth, v. Jordan, 105 Fla. 322, 140 Sou. 908. Neither of these cases is applicable where the officer contesting the validity of the Act is by the terms of the Act required to pay out public funds. In such cases the officer has an interest in the subject matter which will warrant his appealing to the courts to determine whether or not the Act questioned is a constitutional provision requiring him to pay out public money. It is not the duty of an administrative officer to pay out public funds in compliance with a purported legislative Act which on its face is clearly violative of the Constitution. Mandamus may not be invoked to require an officer to perform a certain act unless it appears that it is clearly the duty of the officer to perform the act. State, *ex rel.* Howarth, v. Jordan, *supra.*

As it is not made to appear that it is clearly the duty of the Board of County Commissioners to pay the Relator the sums of money claimed by him, the peremptory writ of mandamus will be denied and the cause dismissed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., concurs in the opinion and judgment.

BROWN and DAIVS, J. J., concur in the conclusion.