STATE, *ex rel.* Lewis Levine, v. H. H. BAILEY, Chairman of Board of County Commissioners of St. Johns County.

168 So. 12.
Opinion Filed May 5, 1936.

*Peter R. Perry, Waller & Pepper* and *Ben C. Willis,* for Relator;

*MacWilliams & Upchurch,* for Respondents;

*M. L. Stephens,* as *amicus curiae.*

PER CURIAM.—This is an original proceeding in Mandamus in this Court. Petitioner challenges the validity of Chapter 16,895, Acts of 1935, upon the ground that it is a special or local law and was not enacted in accordance with the provisions of Sections 20 and 21, Article III, of the Constitution of Florida, in that no notice was published of the intention to enact such law and the Act provided for no referendum before becoming effective. The provisions of the Act, Chapter 16895, Acts of 1935, which constitute the basis for the contention that it is a local and special law, and not a general law, are found in Section 1 thereof, as follows, to-wit:

"Section 1. That in all Counties of the State of Florida, having a population of not less than 18,500 and not more than 18,800, according to the last preceding Federal Census, nominations for the office of County Commissioners shall

be made by the voters of the County at large and not by districts."

The general law touching this subject is found in Section 362 R. G. S., 419 C. G. L.

It is clear that the Act here under assault applied only to St. Johns County and Seminole County. There is no reasonable basis for the classification named in the Act. Therefore, the Act should be held invalid on authority of the opinions and judgments in the cases of Whitney v. Hillsborough County, *et al.,* 99 Fla. 628, 127 Sou. 486; Anderson v. Board of Public Instruction, etc., 102 Fla. 695, 136 Sou. 334; Stripling v. Thomas, Sheriff, 101 Fla. 1015, 132 Sou. 824; Jordan, Clerk, v. State, *ex rel.* Davis, 100 Fla. 494, 129 Sou. 747.

It therefore follows that the peremptory writ should issue and it is so ordered.

WHITFIELD, C. J., and ELLIS, BROWN and BUFORD, J. J., concur.