THE CITY OF CORAL GABLES, a municipal corporation of Florida, v. CHARLES H. CRANDON, PRESTON B. BIRD, VAL C. CLEARY, N. P. LOWREY and HUGH PETERS, as and constituting the Board of Commissioners of Dade County Water Conservation District.

25 So. (2nd) 1
February 8, 1946
Rehearing denied March 15, 1946

January Term, 1946
En Banc

*Edward L. Semple,* for petitioner.

*Hudson & Cason, G. M. McNutt* and *F. G. Rearick,* for respondents.

*Manley P. Caldwell,* amicus curiae.

TERRELL, J.:

The city of Coral Gables filed its bill of complaint in the circuit court, seeking to enjoin the enforcement of Chapter 22935, Acts of 1945, relating to the creation of water conservation districts in counties having a population of more than 260,000 according to the last federal census. The chancellor sustained a motion to dismiss paragraphs 5, 5a and 5b of the bill of complaint. That order is here for review by certiorari under Rule 34 of the rules of this court.

It is first contended that chapter 22935 is violative of the constitution of Florida in that it was enacted as a general law while it was in fact a local law, and notice of its enactment was not given as required by Section 21, Article 3 of the constitution.

This assault is also predicated on the theory that the classification by counties of 260,000 population is unreasonable, and that since Dade county is the only county within the classification, the act is in reality a local law. In support of this contention appellant relies on Anderson v. Board, 102 Fla. 695, 136 So. 334, Jordan v. State ex rel Davis, 100 Fla. 494, 129 So. 747 and like cases.

In these cases the acts construed were stricken down because the classification had no reasonable basis in the subject regulated. Acts based on population as a classification have also been held void when by their very terms they were tailor made to fit some particular county or subject, and no other county or subject could be reasonably expected to be governed by them. Levine, State, ex rel. v. Bailey, et al., 124

Fla. 241, 168 So. 12, Crim, State, ex rel Juvenal, 119 Fla. 86, 163 So. 569.

Section one of chapter 22935, provides that the Board of County Commissioners of each county having a population of more than 260,000 according to the last Federal census is authorized and empowered to establish water conservation districts within the county. We think this is a classification for governmental purposes, that it has a reasonable basis in the subject regulated, and that such classifications have been approved by this court even though the operation of the act is confined to a single county. State ex rel Buford v. Daniel, 87 Fla. 270, 99 So. 804, State v. Board of County Commissioners of Orange County, 147 Fla. 278, 3 So. (2) 360.

The subject regulated by the act is water conservation. It may be admitted that Dade County is at present the only county within the classification, but it certainly would not be contended that the act was not potentially applicable to other counties in the state. This court takes judicial knowledge of the late federal census, that it gives Dade County a population of more than 300,000 people and that other counties are rapidly approaching the classification designated in the act.

It is a matter of common knowledge that an ample supply of fresh water has lately become a serious problem in certain areas of the state, particularly in Dade County. This condition was brought about in the latter area by increase of population and increased consumption in this and other areas by excessive run off and disposal of fresh water by means of drains and ditches for highway and land drainage, the frequency of water courses and artificial means for water disposal. On account of these agencies, the water table has been constantly lowered, and as a result, the salt water has invaded areas heretofore occupied by fresh water and has rendered many of the wells and fresh water pools useless for domestic or commercial purposes.

The object of chapter 22935 is to create an agency whereby this situation may be corrected, the water levels in Dade County restored to their normal level and an adequate supply of fresh water provided for all purposes. It would be trite to

contend that there is nothing more vital to the welfare of a community than an adequate supply of fresh water. It is a fact known to many that in some areas of this county the population is limited by the amount of water that can be brought to the land. To erect a consitutional barrier to forbid the will to remedy such a situation does not square with sound logic.

Constitutional barriers were designed to protect the right of the individual against invasion by the public, or to safeguard the public welfare against invasion by designing groups who would appropriate it. They were never intended to hinder experimentation in the interest of the public. Here we have a situation in which physical changes have taken place in natural phenomena that are fraught with dire consequences. They may have been due to man's indiscretion, they were not contemplated when the constitution was adopted. Constitutional safeguards may be extended to them, but certainly they should not be extended in a way to create a social or sanitary stalemate. Extension of political controls should keep pace with physical changes, and collective ingenuity should not be hobbled by the constitution in a way to be outclassed by collective design to overreach and serve a selfish purpose.

We are accordingly convinced that chapter 22935 was properly enacted as a general law, although Dade County is the only county at present affected, that notice of its passage was not required and that the classification on the basis of population had a proper basis in the subject regulated. There is a vast difference between an act that proposes to authorize a community to correct a growing evil and one which is tailor made within limited confines of population to restrict the distribution of a tax or the regulation of gambling devices.

We are confronted here with an act which proposes to correct a very serious inroad on the welfare and sanitary condition of a large and growing section, a case in which complex social and economic development must compel the extension of political and administrative controls. To say that this cannot be done because of constitutional inhibition would

be tantamount to raising a constitutional guaranty to impede rather than safeguard the public welfare.

It is next contended that chapter 22935 contravenes Section 3, Article 9 of the constitution, in that it imposes a tax without authority of law.

It will be noted from the forepart of this opinion that the Board of County Commissioners shall be ex-officio the Board of Commissioners of the Water Conservation District. Section six of the act authorizes the Board of County Commissioners in which any water conservation district is located to impose a tax of not exceeding two mills on all taxable property in the county for the construction, installation and support of the water conservation district.

The following cases not only answer this question contrary to the contention of appellant, but they uphold the authorization and validity of such a tax. Jenkins v. Entzminger, 102 Fla. 167, 135 So. 785, Hunter v. Owens, 80 Fla. 812, 86 So. 839, State ex rel Gibbs v. Gordon, 138 Fla. 312, 189 So. 437.

Counsel representing the Everglades Drainage District appeared as amicus curiae and suggested that their client was not a party to the cause, but that it was vitally interested in the interpretation of Chapter 22935 because it purports to vest in the Dade County Water Conservation District water courses heretofore constructed by and vested in the Everglades Drainage District.

While we do not here conclude the point we are directed to no inconsistency between the Everglades Drainage District Act, F.S.A. Ch. 298 App. Sec. 153 et seq., and the Dade County Water Conservation District Act. Both contemplate water conservation and by proper administration can be readily harmonized and a field of operation found for both.

It results that we find no merit to the assault on Chapter 22935 so the writ of certiorari is denied.

It is so ordered.

CHAPMAN, C. J., BUFORD, ADAMS and SEBRING, JJ., and BARNS, Circuit Judge, concur.

BROWN. J., dissents.