87 So.2d 504 (1956)
Ray GREENE, J.F. Hammond, Joe Burnett, Julian Warren and Joe B. Mallard, Members constituting the Board of County Commissioners of Duval County, Florida, Appellants,
v.
Florida M. GRAY and Katharine H. Lewis, Appellees.
Supreme Court of Florida. En Banc.
May 18, 1956.
*505 J. Henry Blount, Jacksonville, for appellants.
Bedell & Bedell, Jacksonville, for appellee Florida M. Gray.
Fleming, Scott & Botts, Jacksonville, for appellee Katharine H. Lewis.
TERRELL, Justice.
The Legislature of 1955 enacted Chapter 30454 providing pension or retirement benefits for the widows of Circuit Judges in any judicial circuit embracing two or more counties, one of which has a population of more than 300,000, according to latest Federal census, provided the death of any such Circuit Judge occurred while he was eligible to retire or after he retired. The benefits provided one-third of the retirement compensation which the Circuit Judge was receiving or which he was eligible to receive at the time of his death, payable from the general revenues of the large county as long as the widow remains unmarried. Section 2 declares that all payments made thereunder be for a county purpose.
When Chapter 30454 became effective, appellees, the only persons entitled to retirement benefits thereunder, applied to the Board of County Commissioners for such benefits as contemplated by the act. On receipt of their applications, the Board of County Commissioners filed its petition in the Circuit Court praying for declaratory decree to determine the validity of Chapter 30454, charging that the classification upon which said act was based is arbitrary and unreasonable in that it violates Sections 20 and 21, Article III, and Sections 5 and 10, Article IX Constitution of Florida, F.S.A. Answer was filed denying the material allegations of the complaint. At final hearing the chancellor upheld the act in all respects. This appeal is from the final decree.
The point for determination is whether or not Chapter 30454, Acts of 1955, is valid against the assault made on it.
Appellant approaches the question presented on the theory that Chapter 30454 is a population act and that the classification on which it is based must bear a just and reasonable relationship to the subject matter affected. State ex rel. Buford v. Daniel, 87 Fla. 270, 99 So. 804; State ex rel. Buford v. Smith, 88 Fla. 151, 101 So. 350, and Waybright v. Duval County, 142 Fla. 875, 196 So. 430, and others are relied on to support this contention.
As heretofore pointed out, the dominant purpose of the act is to provide compensation for widows of Circuit Judges in certain circuits whose death took place while they were eligible to retire or after they retired. It is true that one of the counties in the circuit must have a population of more than 300,000 but we regard such requirement as only an incident to the main requirement of the act. At any rate, it was enacted as a general law and being *506 so Sections 20 and 21, Article III, of the Constitution have no application. This court is committed to the doctrine that pensions or retirement pay for civilian services is a legitimate state expense which the legislature is authorized to grant. In re Advisory Opinion to the Governor, 98 Fla. 843, 124 So. 728; City of Tampa v. State ex rel. Evans, 155 Fla. 177, 19 So.2d 697; State ex rel. Watson v. Lee, 157 Fla. 62, 24 So.2d 798, 163 A.L.R. 862.
In the last cited case we were confronted with the state plan for county officers and employees' retirement and among other things we held that such acts are generally upheld on the theory that the delayed payments are a part of the participant's compensation for services already performed; that they contribute to efficiency in government; that they offer an added inducement to those with special skills and techniques to remain in government employment. They tend to raise the standard of government personnel and make government service a career rather than a passing interlude. This reason we held was alone sufficient to uphold the classification and sustain the validity of the act.
The fact that the largest county in the circuit is required to pay the entire amount of deferred compensation does not invalidate the act. State ex rel. Simmons v. Lee, 119 Fla. 745, 160 So. 886, 891. In this case we were confronted with Section 42, Article V, Constitution of Florida, F.S.A., providing for an additional Circuit Judge in Duval County whose salary and allowances were paid wholly from the general revenue of Duval County. We were also confronted with an act providing additional compensation for Circuit Judges in circuits containing a county with more than 100,000 population. In this connection, we held that "in large counties circuit judges have many more duties to perform which serve county purposes, than do the circuit judges in the small counties, and the classification made is not unreasonable or arbitrary." For this and other reasons there is no showing whatever that requiring payment from revenue of the large county is unreasonable or excessive.
Following State ex rel. Simmons v. Lee, supra, the legislature has passed many acts supplementing the salary of Circuit Judges based on population. In fact there is hardly a circuit in the state at the present time in which the compensation of Circuit Judges is not supplemented from county funds. State ex rel. Hawthorne v. Wiseheart, 158 Fla. 267, 28 So.2d 589; Amos v. Mosley, 74 Fla. 555, 77 So. 619, L.R.A. 1918C, 482. See also Chapter 22022, Acts of 1943; Chapters 22631, 22736, 22930, Acts of 1945; Chapters 24004, 24064 and 24246, Acts of 1947; Chapters 25027, 25056, 25517, Acts of 1949; Chapters 26647, 27005, 26587, 27083, 27197 and 27159, Acts of 1951; Chapters 28479, 28611, 28765, Acts of 1953; Chapters 30004, 30399, 30123, 30200, and 30035, Acts of 1955. These acts amount to a legislative interpretation of the Constitution authorizing supplementation of Circuit Judges' salaries from county funds and are entitled to respect. They are in many aspects similar to the acts involved in State ex rel. Simmons v. Lee, supra; State ex rel. Hawthorne v. Wiseheart, supra; Amos v. Mosley, supra. So many functions performed by Circuit Judges in their respective circuits are in reality nothing more than county functions that we find no objections to the practice of supplementing their compensation from county funds so the resistance based on Sections 5 and 10, Article IX, Constitution of Florida, F.S.A., is without merit.
While it is true that Duval County is the only county within the purview of Chapter 30454, Acts of 1955, that has a population of more than 300,000 and that it is within a judicial circuit comprising two or more counties, it is shown that other circuits may reasonably be expected to grow into the classification within a reasonably short time. These facts are sufficient to constitute it a general act. Anderson v. Board of Public Instruction, 102 Fla. 695, 136 So. 334; Waybright v. Duval County, supra; City of Coral Gables v. Crandon, 157 Fla. 71, 25 So.2d 1; State v. Dade County, 157 Fla. 859, 27 So.2d 283. These cases approve the doctrine that classification for governmental purposes that have a reasonable *507 basis in the subject regulated will be approved even though the operation of the act is confined to a single county, if they are potentially applicable to other counties.
The law is therefore settled in this country that the legislature has power to provide deferred compensation or pensions to officers and employees for public services rendered and that such acts should be liberally construed in favor of the grantee. Likewise we find no difficulty in approving Chapter 30454, Acts of 1955, extending deferred compensation to the widows of the Circuit Judges in the manner provided. Whatever the skill or degree of service the judge performed for the state, the wife was his indispensable helpmate. He displayed the necessity for companionship as soon as he was turned loose in the Garden; he was confused and befuddled; he ate his breakfast raw and could not find the fig leaves to dress himself. Seeing his dilemma, God gave him a hypodermic and caused him to fall into a deep sleep, then he yanked a rib from his side and created the first wife to supplement his deficiencies. Genesis 2:21-22. Down through the ages she has been companion and helpmate and civilized men have demonstrated to no one that they can get along without her. She is the medium through which his joys and sorrows, his successes and failures are composed. The common law regarded them as one. We still cling to that heritage. Certainly if the judge was a faithful servant entitled to receive deferred compensation during the years the mind and the body have slowed down and are not so alert that they can carry the load, the wife by her contributions to his labors has earned a place that entitled her to a shield from the adversities that befall those who have contributed their all to a high calling whose compensation has not been sufficient to lay by that which is necessary for declining years.
The decree of the Circuit Court upholding Chapter 30454 as a valid general law is supported by the decisions adjudicating the validity of similar acts. Appellants have failed to carry the burden imposed on them to show that the classification complained of is arbitrary or that the legislative discretion was abused in providing that general revenue funds of Duval County be used to provide deferred compensation for widows of Circuit Judges who become eligible for retirement.
It follows that the judgment appealed from must be, and is hereby,
Affirmed.
DREW, C.J., and THOMAS, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
HOBSON, J., not participating.