### FLORIDA PUBLISHING CO. v. SAM NEWEY & ASSOCIATES, Inc., et al.

No. 68-7431.

Circuit Court, Duval County.

December 2, 1969 and January 13, 1970.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for plaintiff Florida Publishing Co.

Eli H. Fink and W. J. Sears, both of Jacksonville, for plaintiff Post-Newsweek Stations, Florida, Inc.

Edward Rich, Jacksonville, for plaintiff Rust Craft Broadcasting Co.

F. Bradley Kennelly, C. Ray Greene, Jr., and Arnold & Stratford, all of Jacksonville, for defendant Sam Newey & Associates, Inc.

William L. Durden and David U. Tumin, both of Jacksonville, for defendant City of Jacksonville.

MARTIN SACK, Circuit Judge.

*Final declaratory judgment, December 2, 1969:* This case, and two companion cases, seek a declaratory judgment under chapter 86, Florida Statutes, 1967, seeking, in effect, a declaration that the action of the board of county commissioners of Duval County (the predecessor of the city of Jacksonville) was invalid in granting an exclusive franchise to the defendant, Sam Newey & Associates, Inc., for the installation, operation and maintenance of wired closed circuit television or community antenna television in the formerly unincorporated areas of Duval County, pursuant to chapter 65-633, Laws of Florida, 1965. The cause was tried by the court, without a jury, upon the pleadings, evidence and factual stipulations of the parties; and the court has heard the argument of counsel and considered the voluminous memoranda filed in support thereof.

There is nothing in the evidence or the arguments changing the basic legal views expressed by this court in its memorandum opinion on the pleadings —

It is first contended by defendants that none of the plaintiffs has any legal standing to prosecute its suit. The authorities cited by the various plaintiffs are convincing that the plaintiffs have legal standing to maintain their respective actions, whether as citizens, taxpayers, competitors in the television business or as competitive applicants for the franchise.

Next the defendants urge that an action for declaratory judgment will not lie under the facts of these cases. The express provisions of chapter 86, and a long standing line of authorities, is to the contrary. Section 86.011 expressly provides, "no action or procedure is open to objection on the ground that a declaratory judgment is demanded". Defendants' argument that certiorari or quo warranto is the proper remedy, is clearly untenable, as is the contention that the plaintiffs have an adequate remedy at law.

Turning to the allegations of the complaints, the charge that chapter 65-633 is a local act, enacted in violation of the requirements of article III, sections 20 and 21 of the state constitution, is contrary to the frequent enunciations of the law on this subject by the Supreme Court. Budget Commission of Pinellas County v. Blocker, 60 So.2d 193; Walker v. Pendarvis, 132 So.2d 186; State, ex rel. Buford v. Daniel, 99 So.804; State, ex rel. Simmons v. Lee, 160 So. 886, and Board of County Commissioners of Duval County v. Gray, 87 So.2d 504.

However, the allegations of the bill as to the manner in which the franchise was granted and the deviations between the terms of the franchise and the "guidelines" present a factual situation which requires answer by the defendants. * * *

Pretermitting the question of whether the adoption of such guidelines was necessary, yet having adopted this course of procedure, and thereby inviting the attention of the public and prospective applicants to what were presumably minimum requirements which they would consider before awarding a franchise and granting the use of public property, fair dealing, to say the least, required that the county commissioners either adhere to their own guidelines or give fair notice to taxpayers and competitive applicants alike, if there were any mental reservations concerning these guidelines. The *reasonable* exercise of power by public authorities is always required as a matter of public policy and fidelity to the public trust (26 Fla. Jur., section 23, page 552), and the allegations of the complaint require answer to demonstrate that the power delegated by chapter 65-633 was in fact reasonably exercised, in the final granting of a franchise, notwithstanding the facts disclosed by the complaints.

An additional factor, which was not argued, but on which the court requested memoranda of law, after the close of testimony, was the inclusion in the franchise of clause (b), under Grant of Exclusive Authority reading —

(b) The exclusive right to use and occupy said streets, alleys, public ways and places for the purpose herein set forth shall be exclusive for a term of thirty years and upon the termination of thirty years the Grantee shall have the first option to renew this franchise on such terms as may be promulgated, fixed or determined by the Commission.

Section 1, chapter 65-633 contains the following limitation — "The said franchise may be exclusive or non-exclusive, but shall

not exceed the term of thirty years." Legally and for all practical intents and purposes the franchise, by its renewal option, although its terms might require modification, extends beyond the thirty years, and perhaps for sixty years. The court cannot sever the option clause, since there is nothing to indicate that the defendant would have made the bid on which the franchise was granted and included the same monetary franchise fees if it had only thirty years, instead of a longer period, in which to recoup its capital outlay and installation expenses.

In its initial publication inviting bids for the franchise, the county commission adopted guidelines, and the advertisements specially required "such proposals to be compatible with the foregoing guidelines". In point of fact, the Newey proposal did not comport with these guidelines, and after a public hearing at which competitive bidders and other citizens and taxpayers were heard, the commission decided to re-advertise. The new advertisement made no reference to the guidelines, but no action was taken by the county commission to rescind the guidelines previously adopted. The defendant Newey argues there was an implied rescision or abandonment, while the plaintiff contends to the contrary. The court holds there was no rescision or abandonment.

Be that as it may, the whole business resolved itself into a confused mess, so that at the subsequent hearing before the county commissioners some bidders bid according to the guidelines, but Newey did not.

For example, the renewal option was not even mentioned in the guidelines; the guidelines provided that the franchise would be for a period of ten years with an option of renewal, and would be non-exclusive, instead of which the franchise was exclusive and for thirty years with an option of renewal; paragraph 4 of the guidelines required the payment of yearly fee while the franchise and Newey's bid only required the payment of a guaranteed minimum "upon commencement of service", which could be at some indefinite period during the thirty years, since up to the time of the trial Newey had taken no effective steps to commence operations; and the Newey bid and franchise required no action to be taken at any time, if at all.

The alleged evaluation of bids, performed by an accountant for the benefit of the county commission, was simply a calculation of the gross revenue which would accrue to the county, on a thirty year projection, but without evaluating the other considerations briefly mentioned above. Obviously, until Newey commenced operations there could be no meaningful calculations.

A consideration of the whole process by which the franchise was ultimately granted impels the conclusion that the exercise of its power by the board of county commissioners was not reasonable, but arbitrary and capricious.

It is therefore adjudged and declared —

Chapter 65-633, Laws of Florida, 1965, is valid and does not violate the requirements of article III, sections 20 and 21 of the constitution of Florida.

The granting of the franchise to Sam Newey & Associates, Inc. was beyond the power delegated to the board of county commissioners of Duval County, and was, in fact, an unreasonable exercise of any powers granted by chapter 65-633.

The CATV franchise issued August 27, 1968, by the board of county commissioners of Duval County to Sam Newey & Associates, Inc. is invalid and void.

The defendants, city of Jacksonville and Sam Newey Associates, Inc. are permanently restrained and enjoined from granting or exercising, respectively, any of the rights, privileges, licenses, easements or other rights embraced by said franchise.

*Order denying motion for rehearing, January 13, 1970:* Upon due notice, the court has considered the motion for rehearing of the defendant, Sam Newey & Associates, Inc.

The crux of the defendant's argument is that several of the basic findings, on which the court ultimately concluded that the action of the board of county commissioners was unreasonable and invalid, are not supported by the evidence; but there is no persuasive contention that the court committed any fundamental error in its conclusion, that the entire procedure leading to the franchise award, was a muddled jumble, and that in its total result the action of the board was unreasonable and invalid.

The court will consider briefly the principal points urged on this motion for rehearing.

(a) It is argued that the option to renew for thirty years was unenforceable and invalid, so that the franchise can be considered as though the renewal option was not included. Putting aside the question of the legality of a first option to refuse any renewal, yet the fact remains that this court cannot determine whether the Newey bid would or would not have been the same, but for the inclusion of the option. Certainly, a good bit of litigation would be found to ensue, before any such valuable privilege was abandoned.

(b)  It is pointed out that there was no "advertisement" referring to the guidelines, but the guidelines were referred to only in the minutes.  The court used the term "advertisement" in its broad sense of a notice to the public of contemplated action, and not necessarily in the narrow sense of a formal newspaper publication.  The guidelines were adopted by the board of county commissioners at its meeting of March 4, 1968 (exhibit no. 5), and were again reiterated in the minutes of the meeting of May 27, 1968 (exhibit no. 6), except that the non-exclusive franchise became exclusive.  The minutes of the meeting of June 27, 1968 did not refer to the guidelines.  However, it is significant that each of the bidders, including the defendant, in its proposal, sought to follow the guidelines, as they saw fit to interpret them, recognizing their continued existence.

(c)  While it is true, as pointed out by the defendant, that guideline no. 2 referred to a renewal option, yet such renewal was after an initial period of ten years, not after thirty years.

(d)  In accordance with guideline 4 each of the bidders included a minimum yearly fee, except that the minimum bid by the defendant Newey was only effective "upon commencement of service".

In short, the great weight of evidence clearly leads to the conclusion that either the statute and guidelines were disregarded, or that the constant changes and reconsiderations finally resulted in so confusing the bidders and the board of county commissioners that the ultimate grant must be considered as having been unreasonably, arbitrarily and capriciously made.

The motion for rehearing is denied.