345 So.2d 1066 (1977)
Gerald A. LEWIS, As Comptroller of the State of Florida, Appellant,
v.
Judge Chas. C. MATHIS, Jr., et al., Appellees.
No. 49398.
Supreme Court of Florida.
March 17, 1977.
Rehearing Denied June 6, 1977.
*1067 Robert L. Shevin, Atty. Gen., Bernard S. McLendon and William C. Sherrill, Jr., Asst. Attys. Gen., and Richard E. Gentry, Asst. Gen. Counsel, Jacksonville, for appellant.
Joseph C. Jacobs and Robert J. Angerer, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellees.
ADKINS, Justice.
This appeal comes to us directly from the Circuit Court, Second Judicial Circuit, and involves the constitutionality of Section 34.024, Florida Statutes (1975), and Chapter 75-280, Florida Laws (1975). The trial court expressly held the laws in question to be unconstitutional. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
Section 34.024, Florida Statutes (1975), states as follows:
"County court judges shall receive the following salaries, to be paid by the state:
 "(1) In counties having a population of 40,000 or
 less according to the last decennial
 census $ 24,000."
 "(2) In counties having a population of more than
 40,000 according to the last decennial
 census $ 28,000."
Chapter 75-280, Section 18, Laws of Florida (1975), the Appropriations Act of 1975, provided in part:
"The salaries of the following officers during the fiscal year 1975-76 shall be paid at the annual rate shown below.
* * * * * *
"Judges  County Courts:
 "Counties with 40,000 population or less $ 26,000.
 "Counties over 40,000 $ 34,000."
The appellees, several county judges, filed a complaint on November 20, 1975, seeking a declaration that the laws in question are invalid under the Florida and United States Constitutions because such laws created a disparity between the salaries of county judges in counties having a greater than 40,000 population and those in counties having less than 40,000 population.
The lower court in its final summary judgment held in part:
"18. There appears no reasonable basis for County Judges in the larger counties to have received a 17% greater salary since 1972. There is likewise no reasonable basis for County Judges in the larger counties to receive 31% greater salaries than other County Judges during the current fiscal year.
"19. Each County Judge is entitled to receive the same salary under these statutory provisions and the Constitution of Florida. The classification is not reasonably related to the salary of County Judges. The attempted legislative classification of salaries on the sole basis of population is arbitrary and is not reasonably related to the subject of the law.
"20. Accordingly, Section 34.024, Florida Statutes and Section 18, Chapter 75-280, Fla. Laws (1975), are declared invalid and unconstitutional insofar as they purport or attempt to authorize a classification *1068 of County Judges on the basis of population, contrary to the requirements of Article III, Sections 10, 11(a)(1), 11(b); Article I, Section 2; and Article V, of the Constitution of Florida."
The Legislature has wide discretion in choosing a classification, and therefore the presumption is in favor of the validity of the statute. Hunter v. Flowers, 43 So.2d 435 (Fla. 1949). When a classification of counties for governmental purposes based upon population or otherwise is made by the Legislature in the enactment of general laws for governmental purposes in regard to the counties classified, if any state of facts can reasonably be conceived that will sustain the classification attempted by the Legislature, the existence of that state of facts at the time the law was enacted will be presumed by the courts. The deference due to the legislative judgment in the matter will be observed in all cases where the court cannot say on its judicial knowledge that the Legislature could not have had any reasonable ground for believing that there were public considerations justifying the particular classification and distinction made. Anderson v. Board of Public Instruction for Hillsborough County, 102 Fla. 695, 136 So. 334 (1931).
The impact the population of an area has on its social character has long been realized by the courts of this State. The courts have taken judicial notice of the fact that there is more rampant crime in metropolitan areas, Lightfoot v. State, 64 So.2d 261 (Fla. 1952); that the larger the population the greater the responsibility of county officers, State v. Gray, 182 So. 620 (Fla. 1938), and that densely populated areas have a higher divorce rate, In Re Rouse, 66 So.2d 42 (Fla. 1953).
A legislative classification based upon population must have a reasonable basis for the classification to be held constitutional. State ex rel. Juvenal v. Neville, 123 Fla. 745, 167 So. 650 (1936); Levine v. Bailey, 124 Fla. 241, 168 So. 12 (1936); Waybright v. Duval County, 142 Fla. 875, 196 So. 430 (1940); Vance v. Ruppel, 215 So.2d 309 (Fla. 1968). The classification based upon population must also be potentially applicable to other political subdivisions of the state with the same population. Ex parte Wells, 21 Fla. 280 (1885); Coral Gables v. Crandon, 157 Fla. 71, 25 So.2d 1 (1946); Sparkman v. County Budget Commission, 103 Fla. 242, 137 So. 809 (1931). There is a reasonable basis for the classification by population in the statutes under attack. Furthermore, the statutes are applicable to all counties of the state within the population range.
The legislative classification of salaries for county judges on the sole basis of population is not arbitrary and is reasonably related to the subject of the law.
Appellees also say that the laws in question are in violation of Article I, Section 2, of the Florida Constitution, and as a result create a denial of equal protection under the laws.
The laws complained of were enacted to provide for greater compensation to the judges of the more populous counties, which the Legislature determined was warranted by the conditions existing in those counties. The Legislature may, as was done in this case, enact legislation that is not all-embracing. Legislation may be classified with reference to degrees of responsibility and to the areas where the responsibility is considered to be greater, without denying the equal protection of the laws. If the greatest responsibilities exist in the counties having relatively large populations, laws may determine the lines of differentiation without denying to any person the equal protection of the laws.
The United States Supreme Court has recently held, where a court system was based upon the classification of cities according to size that as long as all people within the classified area are treated equally, there is no denial of equal protection. North v. Russell, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976). This would render useless any further argument that the laws questioned here are a denial of equal protection.
*1069 Those who complain of unjust discrimination by the State in violation of the State and Federal constitutions have the burden of showing that the alleged discrimination has no conceivable basis, in differences of conditions, sufficient to justify the statutory regulation under attack. No such showing is made in this case. The greater responsibilities required of the judges in those counties of more than 40,000 population create a sufficient basis for a classification on that population unit.
The judgment of the trial court is reversed and the cause is remanded with instructions to dismiss the complaint.
It is so ordered.
OVERTON, C.J., and BOYD, SUNDBERG, HATCHETT and DREW (Retired), JJ., concur.
ENGLAND, J., dissents.