Thomas R. Patterson Representative 2nd District Pensacola
QUESTION:
May a special act be passed providing for the nonpartisan election of county officers or county commissioners?
SUMMARY:
While the Legislature has the power to make the elections of noncharter county officers nonpartisan, s. 11(a)(1), Art. III, State Const., requires that such a provision must be by a general law of uniform operation throughout the state. Such a statute would, in my opinion, have to declare the county office in question to be nonpartisan and prohibit candidates for such office from campaigning or qualifying for such county office based on party affiliation.
Your question is answered in the negative.
Section 11(a)(1), Art. III, State Const., provides that `[t]here shall be no special law or general law of local application pertaining to . . . [the] election, jurisdiction or duties ofofficers, except officers of municipalities, chartered counties, special districts or local governmental agencies.' (Emphasis supplied.) See AGO 069-17, stating that the effect of s. 11(a) is to require that the matters enumerated therein shall be governed only by general laws which are not restricted to a local application by classification or otherwise. Thus, s. 11(a), Art. III, constitutes a direct limitation on legislative powers by clearly prohibiting special acts or general acts of local application on the subjects listed therein; rather, any laws on such subjects must be of uniform operation throughout the state. Section 11(b) of Art. III, however, permits the enactment of general laws, including population acts, on subjects other thanthose enumerated in s. 11(a) if the reasonably of political subdivisions or other governmental entities is made on a basis reasonably related to the subject of the law. See AGO 069-17. Cf. Lewis v. Mathis, 345 So.2d 1066 (Fla. 1977).
The effect of the foregoing constitutional provisions is that laws relating to the election of county commissioners or county officers of a noncharter county must be general laws of uniform operation throughout the state. Cf. State v. Newell, 85 So.2d 124
(Fla. 1956), stating that primary election laws are a part of the general election machinery of the state and therefore `it is to less necessary to have uniformity of operation in a law relating to the opening and conducting of a primary election than in one relating to the opening and conducting of a general election'; the Florida Election Code now includes in its definition of `election' any primary election, special primary election, special election, general election, or presidential preference election, see s. 97-021(1), F. S. The county in question in the instant inquiry — Escambia County — is a noncharter county and thus not within the specific exemption for chartered counties contained in s. 11(a)(1), Art. III, State Const., nor does it fall within the exemption contained therein for `local governmental agencies.' See
Hayek v. Lee County, 231 So.2d 214 (Fla. 1970), quoting extensively from the record of the proceedings of the Constitutional Revision Commission appointed to draft the 1968 Constitutional on s. 11(a)(1), Art. III, regarding the meaning of `special districts or local governmental agencies.' Your inquiry directly concerns and affects the election of county officers in a noncharter county and a special act on this subject therefore would appear to be prohibited by the provisions of s. 11(a)(1), Art. III.
The Constitution makes no provision for any exception by special act from the general uniform election laws governing county commissioners. See s. 1, Art. VI, State Const., which provides that `[a]ll elections by the people shall be by direct and secret vote. General elections shall be determined by a plurality of votes cast. Registration and elections shall, and political party functions may, be regulated by law.' See also s. 5, Art. VI. Section 1(e), Art. VIII, State Const., provides that the county commissioners of noncharter counties `shall be elected by the electors of the county.' No provision is made to permit the Legislature by special act to determine the method of electing or selecting county commissioners of a noncharter county or to exempt the election of such officers by the electors of the county from the general prohibition against special acts or general laws of local application contained in s. 11(a)(1), Art. III, State Const.
Section 1(e) of Art. III, State Const., neither authorizes nor prohibits candidates for the office of county commissioner from campaigning or qualifying therefor on a nonpartisan basis. Moreover, no general law of uniform operation throughout the state provides for the nonpartisan election of county commissioners of noncharter counties or declares such offices to be nonpartisan; rather, the Florida Election Code, a general law of uniform statewide operation applicable to the election of county commissioners and officers, generally provides for the partisan election (with the exception of independent and write-in candidates) of county commissioners and officers. See, e.g., ss. 99-021(2) (`primary election' means an election held prior to general election for purpose of nominating party nominee to be voted for in general election to fill, inter alia, county office);99.021(1)(b)1., 2., and 3.; 99.061 (`supervisor of elections shall remit to secretary of the state executive committee of the political party to which the candidate belongs . . . the amount of the filing fee, two-thirds of which shall be used to promote the candidacy of candidates for county offices and . . . .'); and99.092(2), F. S. (names, addresses, and party affiliations of candidates submitted to Secretary of State). See also ss. 100.071(2) and 100.081 (nomination of county commissioners by qualified electors of county in primary election); 100.091; and100.111, F. S. Compare s. 105.011(2), F. S., which provides that a judicial office is a nonpartisan office and a candidate for election or retention thereto is prohibited from campaigning or qualifying for such an office based on party affiliation, and s. 105.021, F. S., providing for nonpartisan elections of judicial officers. See also AGO 075-132. Cf. AGO 070-100. The selection of other constitutional county officers is provided in s. 1(d), Art. VIII, State Const., which provides that the county officers enumerated therein `shall be elected by the electors of each county' except, when provided by county charter or special law approved by vote of the electors of the county, such officers `may be chosen in another manner' other than by election by the electors of the county, for example, by appointment or by election or selection by the board of county commissioners or the governing body of the county. See In re Advisory Opinion to the Governor, 313, So.2d 717 (Fla. 1975), in which the court stated that the proviso in s. 1(d) of Art. VIII provided `that alternatively another manner than election for the selection of these officers may be provided for by a county charter or special law.' Section 1(d) of Art. VIII merely authorizes a charter or special law providing for the selection of county officers in another manner; it does not authorize the Legislature to regulate the manner of election of these officers by special law or otherwise exempt county officers from the provisions of s. 11(a)(1), Art. III, State Const.
Therefore, I am of the opinion that, while the Legislature has the power to make the elections of noncharter county officers nonpartisan, s. 11(a)(1), Art. III, State Const., requires that such a provision must be by a general law of uniform operation throughout the state. Such a statute would, in my opinion, have to declare the county office in question to be nonpartisan and prohibit candidates for such office from campaigning or qualifying for such county office based on party affiliation.
Prepared by:
Joslyn Wilson Assistant Attorney General