### HARDING VS. THE STATE.

By the statute law of this State, no more than sixteen persons can be legally empanneled to serve on the grand jury; and if an indictment be found by a grand jury consisting of a greater number, it may be quashed on plea in abatement.

On sustaining a demurrer to a plea in abatement of an indictment, it is error to render final judgment against the defendant—the judgment should be that the defendant have leave to plead to the indictment, and if he declines to plead, the plea of not guilty should be entered.

*Error to Desha Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

GARLAND & RANDOLPH, for the plaintiff.

No final judgment can be entered upon overruling a demurrer to a plea in abatement of an indictment—the party should be allowed to plead over, and if he declines, a plea of not guilty should be entered by the court. *Buzzard vs. State*, 20 *Ark.* 106.

The grand jury was improperly empanneled. All criminal statutes, particularly those relating to the empanneling of grand

juries must be strictly construed.  5 *Eng.* 71;  *Barb. Cr. Trea.* 311; *Whar. Cr. Law* 170; 12 *S. & Mar.* 68.

HOLLOWELL, Attorney General, for the defendant.

Mr. Justice COMPTON delivered the opinion of the Court.

The appellant was indicted in the Desha Circuit Court for gaming.  He pleaded in abatement that the grand jury by whom the indictment was found, consisted of seventeen persons, when by the law of the land, it should have consisted of sixteen only.  The court sustained a demurrer to the plea, and the appellant declining to plead over, the court fined him fifty dollars, for which, with costs, judgment was rendered.

It will be conceded that at common law, it was necessary that the grand jury should consist of twelve at least, and might consist of any greater number not exceeding twenty-three.  Not less than twelve, because, without the concurrence of that number a true bill could not be found and the defendant put on his trial; and not more than twenty-three, because, otherwise there might be an equal division, or two full juries, who might differ in opinion.  2 *Burr.* 1088; 1 *Chit. Crim. Law* 305; *Clyncard's Case, Cro. Eliz.* 654.  This great principle, that no one shall be put upon his trial for a criminal offence, except in cases of impeachment, unless at least twelve good and lawful men shall concur in the accusation, has been incorporated into our constitution and become a part of our fundamental law; and while, for that reason, no one can be deprived of its benefit by legislative enactment, the legislature may, nevertheless, regulate the enjoyment of the right, and with us it has been so regulated.

It is provided by statute, that sixteen qualified persons shall be selected, in the mode prescribed by the statute, to serve as grand jurors, and that neither more nor less than that number shall be summoned to attend any one court,  *Gould's Dig. ch.* 98; and by *chap.* 52 *ib. secs.* 66, 85, it is further provided that not less than sixteen persons shall be sworn on the grand jury, though the concurrence of twelve shall be sufficient to find a

true bill. Upon a construction of these provisions, it was held in *The State vs. Hawkins*. 5 *Eng.* 71, that it requires sixteen legally qualified men to constitute a grand jury, and though an indictment may be found by the concurrence of not less than twelve, yet the panel must consist of sixteen lawful men. Adhering to the principle decided in this case, and applying it to that provision of the statute which prohibits the summoning of more than sixteen to serve as grand jurors, in connection with those provisions, which provide for the selection of that number only, and applying the principle, that the requirements of the statute touching such selection must be strictly observed, as held in *Cantrell vs. The State*, 21 *Ark*. 127, and *Wilburn vs. The State*, 21 *Ark*. 198, we can but hold that a grand jury consisting of more than sixteen persons is prohibited by our peculiar statutory provisions, and that an indictment found by them should be quashed on a plea in abatement. It will not do to say, that the accused cannot be injured, if the panel consists of more than sixteen, because while twelve out of sixteen might not concur in finding a bill, twelve out of a greater number might do so. We do not feel authorized to disregard the plain provisions of the statute, it being safe to follow the law, but always dangerous to depart from it.

The court also erred in rendering final judgment on sustaining the demurrer to the plea in abatement. When the appellant declined to plead over, the court should have directed the plea of not guilty to be entered for him, and proceeded with the trial, as held in *Buzzard vs. The State*, 20 *Ark*. 106.

The judgment must be reversed and the cause remanded for further proceedings.