64 So.2d 261 (1952)
LIGHTFOOT
v.
STATE.
Supreme Court of Florida, en Banc.
December 19, 1952.
On Rehearing April 10, 1953.
*262 O.B. White and E.S. Corlett, III, Miami, for appellant.
Richard W. Ervin, Atty. Gen., Leonard Pepper, Boone D. Tillett, Jr., and Bart L. Cohen, Asst. Attys. Gen., George A. Brautigam, State's Atty., and John C. Wynn, Miami, for appellee.
HOBSON, Justice.
This case is before us upon an appeal from a verdict and judgment in the Circuit Court for Dade County finding the appellant, Dotsie Lightfoot, guilty of murder in the second degree and sentence of 20 years confinement at hard labor in the State Prison.
On April 16, 1951, the Dade County Grand Jury returned an indictment charging Dotsie Lightfoot with murder in the first degree of one Martha Ellis. Motion to quash the indictment was denied and assigned as error together with assignments that the court erred in making and entering the judgment and in denying motion for a new trial.
The constitutionality of Chapter 25554, Laws of Florida, 1949, is challenged on this appeal. Said Act provides that in counties having 315,000 population, or over, the Grand Jury shall consist of twenty-three jurors, fifteen members of which shall constitute a quorum and the concurrence of at least twelve is required to return an indictment or presentment.
It is the contention of the appellant, Dotsie Lightfoot, that Chapter 25554, supra, is unconstitutional for one or more of the following reasons:
(1) That Chapter 25554 is a special act rather than a general act because it is dependent upon an arbitrary classification of counties according to population, which classification has no reasonable relation to the subject matter involved and thereby violates Section 20, Article III of the Constitution of Florida.
(2) That Chapter 25554 violates Sections 1 and 10 of the Declaration of Rights of the Constitution of the State of Florida and the 5th and 14th Amendments of the United States Constitution.
Appellant admits that this Court held Chapter 25554 to be constitutional in Clein v. State, Fla., 52 So.2d 117, but contends that case failed to take into consideration the principle that there must be a reasonable relationship between the population classification and the subject matter involved as enunciated in a long series of cases decided by this Court.
In Crandon v. Hazlett, 157 Fla. 574, 26 So.2d 638, at page 645, we stated the guiding principle as follows:
"The effect of our decisions involving these many `population acts' which have come before us is that where there is a substantial difference in population, and the classification on a population, basis is reasonably related to the purposes to be effected, based on the differences in population which forms the basis thereof, and is not merely arbitrary, it is a general law, even though at the time it may be applicable to only one political subdivision of the State; but if the subject matter of the act and the public purpose to be effectuated thereby bear no reasonable relation to the difference in population upon which it rests, even though it be passed under the guise of a general law, it is in fact *263 a local law; and if no notice has been published, and it contains no referendum clause, it is then a plain violation of sections 20 and 21 of Article III of our Constitution and cannot be upheld."
It is true that the law under consideration in Crandon v. Hazlett, supra, was declared unconstitutional but the principle is the same, regardless of the result of its application. See City of Coral Gables v. Crandon, 157 Fla. 71, 25 So.2d 1, and cases there cited, where the "population Act" under consideration was upheld.
It is a matter of common knowledge and therefore we can take judicial notice thereof, that crime is more rampant  its volume greater  in metropolitan than in less heavily populated areas. It is for the legislature to determine when and where governmental functions will best be served by a general law based upon population so long as other counties are potentially within the population figure. Certainly other counties than the one now affected are well within the reach of the population provision of Chapter 25554. We cannot say that the legislature acted arbitrarily in increasing the number of grand jurors in counties having a population of over 315,000 persons. On the contrary, it seems assured the legislature intended by increasing the number of grand jurors that the grand jury would be able to function more expeditiously in the larger counties of this State wherein grand juries are required to be in session almost continuously. In counties wherein a grand jury is necessarily in session a great deal of the time it would work a hardship upon the members of the grand jury to be almost constantly away from their businesses or vocations and, as we hereinafter conclude, it is entirely reasonable and appropriate to have a grand jury "venire" consisting of a greater number of grand jurors than in smaller counties. We deem it appropriate to mention that in State ex rel. McClure v. Sullivan, Fla., 43 So.2d 438, this Court held Chapter 25529, Laws of Florida, 1949, to be valid. That Act was a companion Act and complementary to Chapter 25554 now under consideration.
We, therefore, reaffirm our ruling in Clein v. State, supra, that Chapter 25554 is a general law because it is based upon a reasonable classification according to population and is not arbitrary or unreasonable with respect to the subject matter of the Act.
It does not necessarily follow, however, simply because this Act is properly classified as a general law that it is ipso facto a constitutional enactment. If it discriminates against citizens in the county affected in such manner as to deny to them "due process" it may be unconstitutional regardless of its classification. It is contended by appellant, as aforestated, that Chapter 25554, supra, does, as applied to her, violate her constitutional rights guaranteed by Sections 1 and 10 of the Florida Declaration of Rights and the 5th and 14th Amendments to the Federal Constitution.
It is a well-established rule that in determining the constitutionality of an act of the legislature the courts must give to such enactment a construction which will uphold rather than invalidate it, if there is any reasonable basis for so doing. Spencer v. Hunt, 109 Fla. 248, 147 So. 282; Florida Sugar Distributors v. Wood, 135 Fla. 126, 184 So. 641; Hiers v. Mitchell, 95 Fla. 345, 116 So. 81. With this principle firmly in mind we now approach the problem presented herein.
Section 1 of Chapter 25554, supra, reads:
"In all counties having a population of 315,000 or more according to the last State or Federal Census, the grand jury shall consist of twenty-three jurors; provided that after a grand jury of twenty-three is empanelled (sic) and convened, fifteen members of such grand jury shall constitute a quoroum (sic) and may transact business, and an indictment or presentment shall be found and returned only upon the concurrence of twelve or more grand jurors."
Section 905.01, Florida Statutes, 1951, F.S.A., provides in part:
"Every grand jury shall consist of not less than fifteen, nor more than *264 eighteen persons, the assent of at least twelve of whom shall be necessary to the finding of any indictment. All the provisions of law covering the qualifications, disqualifications, exemptions, drawing, summoning, supplying deficiencies, in whole or in part, and compensation and procurement of petit jurors, shall apply to grand jurors."
Section 10 of Florida Declaration of Rights, insofar as is pertinent, follows:
"No person shall be tried for a capital crime unless on presentment or indictment by a grand jury, and no person shall be tried for other felony unless on presentment or indictment by a grand jury or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep in time of peace. * * * The Legislature shall have power by general legislation to regulate the number of grand jurors to serve upon, or constitute, a grand jury and to fix the number of grand jurors required to vote for and return an indictment or presentment."
It is the contention of appellant that since the grand jury which indicted her consisted of twenty-three grand jurors, she was discriminated against and that such discrimination amounted to the denial of "due process" and the "equal protection" of the laws because in all the counties in this State with a population of less than 315,000 inhabitants one charged with a capital offense is investigated and further action, if any, against him decreed by a grand jury consisting of not more than eighteen members. Her counsel argue that it is easier for a grand jury of twenty-three members to return a true bill or indictment against one charged with a capital offense than it is for a grand jury consisting of eighteen members to find a true bill and return an indictment. Stated conversely, it is their argument that in Dade County with a twenty-three man grand jury it requires not less than twelve dissenting grand jurors to preclude the finding of an indictment while in all other counties of Florida wherein there are but eighteen grand jurors it only takes seven dissenting grand jurors to bring about the same result. They cite persuasive authority for the proposition that twenty-three grand jurors actually participating in the investigation and action of the grand jury in connection with a charge against a citizen of Dade County of an offense which calls for capital punishment while a citizen so charged in any other county of this State would be investigated and the charge against him acted upon by only eighteen grand jurors, creates a discrimination against such citizen of Dade County which amounts to a denial of "due process" guaranteed to him by the State and Federal Constitutions. See State v. Cooley, 72 Minn. 476, 75 N.W. 729; United States v. Haskell, D.C.E.D.Okl. 1909, 169 F. 449; United States v. London, D.C., 176 F. 976; Ex parte Reynolds, 35 Tex.Cr.R. 437, 34 S.W. 120, 60 Am.St.Rep. 54; Ex parte Ogle, Tex. Cr.App. 1901, 61 S.W. 122; Harding v. State, 22 Ark. 210.
This contention is not devoid of merit but before determining the constitutionality of Chapter 25554, supra, upon this challenge, we will first discuss whether appellant has made it clearly apparent, as it is her duty to do, that twenty-three grand jurors actually sat as such in the consideration of the evidence which was presented to the grand jury in connection with the charge placed against her and that more than eighteen members of the grand jury in fact voted either for or against returning an indictment.
The challenge which appellant made in her motion to quash the indictment contains the following language: Said "grand jury which returned said indictment consisted of twenty-three members." More than one construction can be placed upon this language. It could mean simply that the grand jury, as is provided in Chapter 25554, supra, consisted of, or had as available members thereof, twenty-three persons. On the other hand, it may be taken as meaning that all twenty-three members of the grand jury participated in deliberations and action of *265 the grand jury in connection with the charge placed against appellant.
It is entirely possible, and this record does not show to the contrary, that only fifteen members of the Dade County Grand Jury actually heard the witnesses and voted on the question whether an indictment would be returned. Since it is the duty of appellant to demonstrate clearly the unconstitutionality of the law which she attacks, we cannot with certainty conclude that the point which she attempts to raise is properly before us for consideration because nowhere in this record do we find an assertion by appellant in the lower court, nor does it otherwise appear in the record before us, that more than eighteen grand jurors actually participated in returning the indictment against her. Consequently, we are faced only with the question whether Chapter 25554, supra, is on its face  as it is written  a constitutional law.
We recognize the fact that an Act of the legislature may on its face be constitutional and yet in its operation in a given case become unconstitutional.
Section 10 of our Declaration of Rights empowers the legislature "* * * to regulate the number of grand jurors to serve upon, or constitute, a grand jury and to fix the number of grand jurors required to vote for and return an indictment or presentment." It is clear that in Florida there may be as many as twenty-three grand jurors provided by a general law, that is to say one which operates uniformly throughout the State. English v. State, 31 Fla. 340, 12 So. 689; Donald v. State, 31 Fla. 255, 12 So. 695.
We have determined that we should construe Chapter 25554, supra, as evincing a legislative intent that in all counties with a population of more than 315,000 inhabitants there shall be, in effect, a "venire" of twenty-three grand jurors. Indeed, such construction is consonant with the very reasons hereinbefore delineated as the basis of our determination that Chapter 25554, supra, is not a local or special law.
We conclude that Chapter 25554, supra, is on its face constitutional and that the question attempted to be raised by appellant can have no cornerstone upon which to rest, regardless of the appropriate answer thereto, unless it is made to appear that more than eighteen grand jurors actually voted upon the query whether an indictment should be found or a no true bill returned. The question whether in its operation Chapter 25554, supra, violated the constitutional rights of this appellant by denying to her due process or equal protection of the laws need not, as aforesaid, be decided.
The final judgment from which this appeal is prosecuted is hereby affirmed.
SEBRING, C.J., and TERRELL, THOMAS, ROBERTS and MATHEWS, JJ., concur.
DREW, J., not participating.

On Rehearing.
PER CURIAM.
After further consideration of this case following the granting of the petition for rehearing all members of the court who participated adhere to that part of the original opinion, prepared by Mr. Justice HOBSON, holding that Chapter 25554, Laws of Florida, Acts of 1949, is a general law because of the reasonable relationship between the population classification and the subject matter of the legislation. Section 20, Art. III, of the Constitution of Florida.
However, the court has decided to recede from so much of the rest of the original opinion as holds that the appellant could not properly raise the question of unconstitutionality of the Act under Sections 1 and 10 of the Declaration of Rights of the Constitution of Florida, and the 5th and 14th Amendments to the Constitution of the United States, because of her failure to show that at the time the indictment was returned against her more than eighteen members of the grand jury were participating.
We do this because we are of the opinion that the validity of the grand jury so far as the number of its members is concerned must be determined with respect to the date the body was organized, and that a grand jury composed of twenty-three members being valid on the day of organization, the acts of the grand jury thereafter *266 are valid so long as a quorum participate. In this regard, we have the conviction that it cannot be said that if a grand jury composed of twenty-three members may be legally organized under the Act, the actions of the body can be thereafter successfully challenged accordingly as fewer or more than eighteen sit at particular meetings.
In other words, the conclusion of a majority of the court is that the Act, Chapter 25554, being constitutional as a general law, indictments returned by a grand jury organized under it will be valid if found by twelve members concurring, whether fifteen or the whole authorized number of twenty-three participate. For the reasons stated, we adhere to the judgment of affirmance.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, MATHEWS and DREW, JJ., concur.
HOBSON, J., concurs in conclusion and judgment.
SEBRING, J., concurs specially.
HOBSON, Justice (concurring in conclusion and judgment only).
I wish to make it clear that I cannot agree entirely with the opinion reached on rehearing granted because I am firmly convinced that the appellant failed to make it clearly apparent that more than eighteen grand jurors voted upon the question whether an indictment should be found or a no true bill returned. Consequently, she was not in a position to contend that Chapter 25554, Laws of Florida, 1949, is unconstitutional in its operation because she, as she attempts to contend, was denied due process or equal protection of the law.
We have repeatedly held that one may not challenge the constitutionality of any law unless he makes it appear clearly that he has been, or assuredly will be, adversely affected by such law. I do not believe that we should recede in this, or any other case, from our multiple pronouncements with reference to the burden which one must assume in order to have this Court pass upon the constitutionality of an act of the legislature.
SEBRING, Justice (concurring specially).
I am of the view that the challenged statute is constitutional on its face and may be upheld as a valid general law. I am further of the view that the appellant has not shown her right to raise the constitutionality of the statute involved, for the reasons stated by Mr. Justice HOBSON in his original opinion. Therefore, I agree that the judgment appealed from should be affirmed.