HOBSON, Justice
(dissenting).
I do not believe that the question posed herein was actually presented or properly decided in the case of Lightfoot v. State, Fla., 64 So.2d 261, 265. The majority per curiam opinion filed in that case made the pronouncement that “* * * . the validity of the grand jury so far as the .number of its members is concerned must be., determined with respect ,to the -date the body was organized, and that a grand jury composed of twenty-three members being -valid on the day of organization, the acts of the grand jury thereafter are valid sq long as a quorum participate. In this regard, we have the conviction that it cannot be said that if a grand jury composed of twenty-three members may. be legally organized under the Act, the actions of the body can be thereafter successfully challenged accordingly as fewer or more than eighteen sit at particular meetings.”
I do not take serious issue with the proposition that the validity of the grand jury, so far as the number of its members is concerned, must be determined with respect to the date the body was organized. However, in the Lightfoot case we were faced only with the,question of the validity of Chapter 25554, Laws of Florida 1949, on its face and were not then, but are now, confronted with the question whether in its -operation asdisclosed- by this -record the constitutional -guaranty of appellant ■ herein of due process of law has'been violated. We have -repeatedly held that an act of the legislature may be valid on its- face -and yet in its operation its provisions may be carried out in such manner as to trench upon and do violence to some constitutional guaranty and thus- necessitaté a holding of unconstitutionality in the application of the otherwise valid legislative enactment.
In my opinion appellant has demonstrated that the method pursued by the twenty-three man grand jury worked a violation of his constitutional right to due process of law. For a more detailed expression of the writer’s view with regard to this subject, see his original opinion in the case of Lightfoot v. State, Fla., 64 So.2d 261, *162 wherein it was at least suggested that if it were made to appear, as it is in this case, that more than eighteen grand jurors actually voted upon the query whether an in'dictment should be found or a no true bill returned, the constitutional rights of the party against whom an indictment was so found would be shown to have been infringed in such a manner as to necessitate a holding of invalidity of the challenged legislative act by virtue of the method by which its provisions were carried out. I would hold in this case that appellant’s constitutional right to due process of law was violated.