■CALDWELL, Justice.
Relator, Richard Charles Worthington, in his motion to quash the indictment below, ^contended and here contends, by petition for writ of prohibition, the Dade County •Grand Jury, which, on September 29, 1964, indicted him for murder in the first degree, ■was illegally and unconstitutionally selected; ■that Chapter 63-753, Laws of Florida 1963, providing for a twenty-three (23) man ■Grand Jury in counties having a population •of 750,000 or more, and Chapter 57-550, Laws of Florida 1957, as amended by Chapter 63-752, Laws of Florida 1963, prescribing the qualifications and method of selection of a Grand Jury in counties having population of 750,000 or more, are unconstitutional because (1) they apply solely to Dade County, in violation of Article VIII, § 11, Florida Constitution, F.S.A.; (2) are in fact local bills in the guise of general legislation and are not general laws of uniform operation throughout the state and ■are in violation of Article III, §§ 20 and 21, Florida Constitution; and (3) the indictment deprives petitioner of equal protection of the law in violation of the Florida and Federal Constitutions. The respondent trial judge denied relator’s motion to quash and ruled the statutes were constitutionally valid. Rule nisi in prohibition issued.
Section 11(5) of Article VIII of the state Constitution provides, in part, as follows:
“(5) Nothing in this section shall limit ■or restrict the power of the Legislature to enact general laws which shall relate to Dade county and any other one or more counties in the state. * * * ”
“(6) Nothing in this section shall be construed to limit or restrict the power of the Legislature to enact general laws which shall relate to Dade county and any other one or more counties in the State of Florida. * * *
“(9) It is declared to be the intent of the Legislature and of the electors of the State of Florida to provide by this section home rule for the people of Dade County in local affairs and this section shall be liberally construed to carry out such purpose, and it is further declared to be the intent of the Legislature and of the electors of the State of Florida that the provisions of this Constitution and general laws which shall relate to Dade County and any other one or more counties of the State of Florida * * * enacted pursuant thereto by the Legislature shall be the supreme law in Dade County, Florida, except as expressly provided herein and this section shall be strictly construed to maintain such supremacy of this constitution and of the Legislature in the enactment of general laws pursuant to this Constitution.” (Emphasis supplied.)
The above-quoted provisions of the Constitution were designed to afford Dade County home rule in affairs pertaining solely to the county and to retain the supremacy of the Constitution and general laws (applicable to Dade and one or more other counties). The Legislature is not now authorized to enact laws which relate only to Dade County.[1]
It follows that Chapter 63-753 and Chapter 63-752 are in violation of the Constitution of the State of Florida and respondent must fall back on Chapter 25554, Laws of 1949 as amended, and Chapter 57-550, Laws of 1957, the validity of which were upheld in Yoo Kun Wha v. Kelly, 154 So.2d 161 (Fla.1963). The grand jury which indicted the relator was legally constituted.
The rule nisi is discharged.
*348 THOMAS, DREW and O’CONNELL, JJ., concur.
ERVIN, J., concurs specially with opinion.
THORNAL, C. J., concurs specially and agrees to opinion by ERVIN, J.
ROBERTS, J., agrees to judgment.

. S. & J. Transportation v. Gordon, Fla., 176 So.2d 69, case nos. 33,437 and 33,437-A, opinion filed May 19, 1965.