ERVIN, Justice
(concurring specially).
Consistent with my specially concurring opinion in S & J Transportation, Inc., v. Gordon, Fla., 176 So.2d 69, I believe the power is reserved in the Legislature to enact certain general laws relating to the Circuit Court situate in Dade County without the necessity of including the circuit court of another county or counties of the state within the purview of the legislation.
Section 11(1) (f), Art. VIII, State Constitution, contains the proviso “ * * * that there shall be no power to abolish or impair the jurisdiction of the Circuit Court * * * ” in the home rule charter.
Possible impairment of the jurisdiction and authority of the Circuit Court of Dade County could result if the Legislature was precluded from enacting legislation needed for the complete and effective exercise of the jurisdiction of the Circuit Court of Dade County unless the circuit court of some other county could be included in the legislation. I believe the authority of the Legislature with respect to the jurisdiction of state courts and making provision for said courts as provided in Article V of the State Constitution, and particularly in Sections 26(7) and (14) thereof, is unaffected by Section 11, Article VIII of the State Constitution.
The Dade County Grand Jury is an arm of, and is under the jurisdiction of the Circuit Court of Dade County. See DR 10, and Section 9(5) of Article V, State Constitution, and F.S., Ch. 905, F.S.A. It serves a state as well as a local function; as such, under the Constitution, the Dade County Grand Jury can be the subject of general legislation by the Legislature as a state subject without adding the grand jury of a circuit court of another county in the enactment if special conditions and circumstances in Dade County warrant that it be specially treated. See In re Rouse, 66 So.2d 42 (Fla.1953), and Yoo Kun Wha v. Kelly, 154 So.2d 161 (Fla.1963).
I believe the constitutionality of Chapters-63-752 and 63-753 should have been sustained for the reasons set forth above. However, since the foregoing opinion reaches essentially the same conclusion sustaining the Dade County Grand Jury as an enlarged and continuing body under the earlier enactments, I agree to the conclusion-reached in the opinion.
THORNAL, C. J., concurs.