### GINSBERG v. DADE COUNTY 1966 SPRING TERM GRAND JURY, et al.
### No. 67-6791.
Circuit Court, Dade County.

June 29, 1967.

Harold Ungerleider, Miami Beach, and Michael A. Pelle, North Miami Beach, for plaintiff.

Lucius J. Cushman, defendant in pro. per. and for other defendants.

W. G. Ward, Miami, for defendant E. B. Leatherman, Clerk of Circuit Court.

Edward D. Cowart, Assistant Attorney General, for defendant Earl Faircloth, Attorney General.

Stuart L. Simon, Assistant County Attorney, for defendants Dade County Commission and Richard E. Gerstein, State Attorney.

RAYMOND G. NATHAN, Circuit Judge.

*Declaratory judgment on the pleadings:* This cause came on to be heard by the court on two motions for judgment on the pleadings. The first of these motions pertains to the cause arising from the plaintiff's amended complaint and the several answers and motions to dismiss filed in response thereto.

The second motion for judgment on the pleadings relates to the cause at issue upon the cross-claims of the defendant board of county commissioners of Dade County and the defendant state attorney for the eleventh judicial circuit, and the answer thereto filed by the attorney general. The cross-claim and the answer thereto seek a judicial declaration of the powers and duties of the board of county commissioners and the state attorney in relation to the grand jury presently impanelled in Dade County; the plaintiff's amended complaint and the responses thereto seek a determination as to whether the various defendants properly exercised their duties in relation to the 1966 spring term grand jury in and for Dade County.

The issues raised by the cross-claim and the answer thereto can be properly determined by the court on motion for judgment on the pleadings since these issues are entirely legal in nature and require the court to make no factual determinations as a predicate to the legal declaration sought. It also appears to the court that a judicial declaration of the powers and duties of the cross-claimants in relation to grand juries generally will materially aid in determining whether the various defendants failed to perform their duties in any manner or exceeded their powers with regard to any prior grand jury. Therefore in response to the cross-claim, the answer thereto, and the motion for judgment on the pleadings thereon, the court makes this declaration of the powers and duties of the board of county commissioners of Dade County and the state attorney for the eleventh judicial circuit in relation to grand juries generally —

1. Cross-claimants contend that chapter 57-870 of the Laws of Florida, 1957, is not applicable because it is void and unconstitutional. They point out that article VIII, section 11, subsections (5) and (6) of the constitution of Florida, which became effective on November 6, 1956, removed the legislature's power to enact statutes applicable solely to Dade County. They further point out that chapter 57-870, which applies to counties having a population of 450,000 persons or more, applied only to Dade County at the time of its purported enactment on June 29, 1957. Based on S. & J. Transport v. Gordon, 176 So.2d 69, and State, ex rel. Worthington v. Cannon, 181 So.2d 346, they ask the court to declare this statute void and unconstitutional ab initio, and to decree that its predecessor statute, chapter 25765, Laws of Florida, 1949, has been in continuous force and effect since its 1949 enactment.

The attorney general concedes that chapter 57-870, Laws of Florida, 1957, could not and did not become operative or effective at the time of its enactment on June 29, 1957 because it applied only to Dade County at that time; however, he denies that the statute is void and unconstitutional and argues that its effective date was "postponed" until some later time when another county or counties would join Dade in the ranks of those with 450,000 persons or more.

This court declares chapter 57-870 of the Laws of Florida, 1957, to be void and unconstitutional because enacted at a time when it was beyond the power of the legislature to enact a statute applicable solely to Dade County. The court therefore holds this statute void ab initio and as though it had never been enacted,

and decrees that its predecessor statute, chapter 25765, of the Laws of Florida, 1949, has been in continuous force and effect since June 13, 1949, the date of its enactment.

2. The first four sections of chapter 25765, Laws of Florida, 1949, are germane to this declaratory judgment and are set forth below —

*Section 1.* There is hereby appropriated out of the fine and forfeiture fund of Dade County, Florida, and any other funds of said County, in the event the said fine and forfeiture fund is without sufficient moneys to pay said appropriation, the sum of Thirty Thousand Dollars annually to be known as the Special Grand Jury Fund.

*Section 2.* That the Budget Commission and the Board of County Commissioners of Dade County, Florida, are hereby required to fix and set up and approve in the budget of said County the sum of Thirty Thousand Dollars annually for the Special Grand Jury Fund as provided by section one of this Act.

*Section 3.* That the moneys of the Special Grand Jury Fund shall be used by any grand jury of Dade County, Florida, in their discretion, in investigating crime and enforcing the criminal laws in said County, and for that purpose the grand jury may employ special investigators and special legal counsel and pay all expenses incidental to such purposes out of the Special Grand Jury Fund.

*Section 4.* That the moneys in the Special Grand Jury Fund shall be payable to the grand jury or their order upon a voucher signed by a member of the grand jury designated as treasurer of the grand jury for that purpose, being presented to the Clerk of the Circuit Court.

It appears to the court that the essential legislative purpose manifested in the foregoing statutory language is to require the Board of County Commissioners of Dade County to appropriate $30,000 annually from the county's fine and forfeiture fund into the special grand jury fund thereby created. Although the statute is silent on the point, a logical interpretation would require that the $30,000 be divided equally between the two grand juries that sit during each fiscal year. This sum is to enable the grand jury to perform its investigative functions, or a portion of them, through a special fund that will enable it to operate with the traditional secrecy that grand jury proceedings have had for centuries. The money appropriated to the special grand jury fund is to be drawn by the grand jury on vouchers prepared by the treasurer of the grand jury and submitted to the clerk of the circuit court from time to time. No voucher is required to designate the recipient of the money or the specific or particular purpose for which that recipient is being paid. Section 4 of the statute can have no other purpose than to enable the grand jury to draw a cloak of secrecy over those matters which it may, in its discretion, investigate with secrecy.

The plaintiff argues that the sum fixed in the statute, whether the 1949 or the 1957 statute, is the minimum amount that the board of county commissioners may appropriate for the investigative purposes of the grand jury as well as the maximum amount that may be appropriated to the special grand jury fund for use by the grand jury in investigating matters with complete secrecy. The court accepts the plaintiff's interpretation of the statute and accordingly holds that the board of county commissioners of Dade County must appropriate $15,000 to the special grand jury fund for each of the two grand juries that sits each year. This money is to be drawn on vouchers submitted by the treasurer of the grand jury to the clerk of the circuit court. No voucher submitted need state the name of the recipient of the sum designated in the voucher nor the purpose for which the amount is being drawn with any more particularity than the grand jury wishes to give. The function of clerk of the court is wholly ministerial, and he may not withhold any sum requested in a grand jury voucher drawn on the special grand jury fund. The funds drawn by the grand jury from the special grand jury fund are therefore not subject to any public explanation beyond that the grand jury chooses to give, nor public accounting, nor audit by the state auditor or the county's internal or external auditor. The grand jury may not expend any moneys drawn from the special grand jury fund for any purpose not falling within the ambit of section 3 of the statute; however, its expenditures are wholly cloaked in secrecy, and it need not explain any proposed expenditures on the vouchers submitted to the clerk of the circuit court nor have any portion of the special grand jury fund rendered subject to public audit or accounting.

3. Nothing in the 1949 statute recited above restricts the power of the board of county commissioners of Dade County to appropriate additional sums for grand jury purposes over and beyond those appropriated to the special grand jury fund. The aforesaid county commission may appropriate or grant such further funds to the grand jury as it deems wise within the limits prescribed by chapter 142, Florida Statutes. The additional sum appropriated by the board of county commissioners of Dade County for the 1966 spring term grand jury was therefore proper and lawful. However, such additional amounts as the county commission may appropriate for grand jury purposes may not go to the grand jury through the conduit of the special grand jury fund which is limited to $15,000 per grand jury. Therefore such additional amounts as the board of county commissioners of Dade County makes available to the grand jury are subject

to the requirements that all public moneys are subject to, namely, designation of recipient, explanation of the purpose of the expenditure, public accounting, and subsequent audit by state and county sources. The public's right to know how its taxed funds are being expended is implemented and emphasized by article III, section 19 of the constitution of Florida, by various provisions contained in chapters 21, 128, 129 and 142, Florida Statutes, and by section 125.11, Florida Statutes. Absent a statute like chapter 25765, Laws of Florida, 1949, which specifically insulates the first $30,000 appropriated each year for grand jury purposes from public scrutiny, all funds appropriated for grand jury purposes by the board of county commissioners of Dade County shall be treated as public moneys and subjected to the severe scrutiny which public moneys are and should be required to be subject to.

4. An issue raised in the pleadings is directed to whether an assistant state attorney assigned to duty with a grand jury may also serve simultaneously as an independent special counsel for the grand jury and be paid from the special grand jury fund created by the aforesaid 1949 statute. The court holds that such a dual or hybrid role for an assistant state attorney is neither contemplated nor permissible under the laws of Florida. The court looks upon the assistant state attorney serving with a grand jury as a member of the state attorney's staff and therefore not permitted to serve in any other official capacity or role. He must therefore receive his salary or remuneration from the funds allocated to the office of the attorney, and not from the special grand jury fund.

The court therefore declares that the assistant state attorney may not receive his salary or remuneration from any source other than the state attorney. However, it also appears to the court that he may lawfully receive all or some portion of the expenses he incurs during service with the grand jury from the special grand jury fund provided such expenses are incurred for and on behalf of the grand jury, are made pursuant to the grand jury's instructions, and fall clearly within the ambit of the grand jury purposes listed in section 3 of the governing 1949 statute.

5. Having defined the powers and duties of the cross-claimants and defendants while making this judicial declaration based on the issues raised in the cross-claim and the answer thereto, the court has dealt with and determined most of the issues raised in the plaintiff's amended complaint and the responses thereto. The court's judicial declaration on the cross-claim indicates that the conduct of all defendants has been consistent and in accord with

this declaration except in three possible areas. The first area relates to the lack of an accounting by the 1966 spring term grand jury of its expenditure of funds from sources other than the special grand jury fund. The second area involves the alleged payment of some or all of the salary of the assistant state attorney serving with the 1966 spring term grand jury from the special grand jury fund. The third area is concerned with the allegation that the 1966 spring term grand jury "utilized large portions of the sums thus provided for them for extravagant social activities, including parties, purchase of foods, liquors and other related items, etc."

With regard to the first area relating to a possible lack of accounting by the 1966 spring term grand jury of its expenditure of public funds drawn from sources other than the special grand jury fund, the court herewith dismisses that portion of the plaintiff's amended complaint which seeks such an accounting. The court does not believe that any worthwhile purpose would be served by requiring an accounting now of the expenditures made by any past grand jury. Members of these grand juries may no longer be within the jurisdiction and, if here, it is doubtful that they could still reconstruct or provide the detailed accounting required by this declaration. Furthermore, absent this declaration there were no clear guidelines relating to a subsequent compulsory accounting for public moneys expended by grand juries who might well have assumed that the traditional secrecy surrounding grand jury activities made neither accounting nor disclosure of any of its expenditures necessary. Thus, there was no reason for the 1966 spring term grand jury to believe that it would be required to give a detailed accounting of any portion of its expenditures and accordingly keep detailed financial records of the sums expended.

The court also dismisses that portion of the amended complaint which alleges that the assistant state attorney serving with the 1966 spring term grand jury received all or some of his salaried compensation from the special grand jury fund. In the court's opinion it would be inequitable to require such assistant state attorney to return any portion of his salary because it was drawn from the special grand jury fund rather than the state attorney's budget. His salary was paid to him under visible color of law (sections 3 and 2 of the 1949 and 1957 statutes respectively), he had no reason to believe that the salary payment came from the wrong budgetary compartment (assuming that it did), and the clerk of the circuit court in and for Dade County, having

only a ministerial function, had no authority to decline any grand jury vouchers submitted by the treasurer of the grand jury requesting moneys appropriated for grand jury purposes. Furthermore, since both the salary of the assistant state attorney and moneys flowing into the special grand jury fund come originally from the county's fine and forfeiture fund, it would be a pure exercise in mechanical bookkeeping for the court to require the assistant state attorney to return his salary to the special grand jury fund, and to require the state attorney to compensate him to the same extent from moneys in the state attorney's budget at this time.

The sole issue remaining therefore goes to the allegation that the 1966 spring term grand jury "utilized large portions of the sums thus provided for them for extravagant social activities, including parties, purchase of foods, liquors and other related items etc." The 1966 spring term grand jury ceased to exist as a functioning entity approximately seven months before this suit was commenced and is therefore not a proper party to this suit. The court therefore dismisses the amended complaint as to the 1966 spring term grand jury.